RONALD YATES AND CAROL JEAN YATES, PLAINTIFFS v. MICHAEL W. HALEY D/B/A McDONALD'S, DEFENDANT

No. 9026SC917

(Filed 6 August 1991)

Negligence § 57.7 (NCI3d) — restaurant customer — fall on water on floor — negligence and contributory negligence — issues of material fact

In an action to recover for injuries received by plaintiff customer when he slipped and fell on a puddle of water in defendant's restaurant, the evidence before the trial court on defendant's motion for summary judgment presented genuine issues of material fact as to whether the water was a hidden danger about which defendant knew or should have known and whether plaintiff was contributorily negligent in failing to see the water where it tended to show that, after eating breakfast in the restaurant, plaintiff walked toward the men's restroom at the rear of the eating area; snow had fallen before plaintiff had arrived at the restaurant; approximately three to five feet from the restroom door, plaintiff slipped on a puddle of water in front of the back entrance; plaintiff's testimony in a deposition that the puddle was obvious and that he could have seen it had he looked at the floor was some evidence that his view was unobstructed; and plaintiff's forecast of evidence by affidavit and photograph would permit the jury to find that his view of the puddle was obstructed by the rear booth and that the water was obvious to him only when he was on the floor.

Am Jur 2d, Premises Liability §§ 573, 577, 581, 800-802.

Liability of owner of store, office, or similar place of business to invitee falling on tracked-in water or snow. 20 ALR4th 438.

APPEAL by plaintiff from judgment entered 14 May 1990 by Judge Samuel A. Wilson III in MECKLENBURG County Superior Court. Heard in the Court of Appeals 7 May 1991.

In this civil action, plaintiff Ronald Yates appeals from a summary judgment entered for defendant. In his complaint, plaintiff alleged that a puddle of water on defendant's floor caused him

YATES v. HALEY

[103 N.C. App. 604 (1991)]

to slip and fall. Plaintiff alleged that he suffered a fractured coccyx as a result of his fall. Plaintiff seeks damages for a 30% permanent disability to his back, lost wages, and medical expenses. His wife, plaintiff Carol Yates, seeks damages for loss of consortium.

The evidence before the trial court on defendant's motion for summary judgment indicated that on 10 January 1988, plaintiffs and their children went to defendant's restaurant for breakfast. After eating, plaintiff Ronald Yates walked toward the men's restroom located at the rear of the eating area.

Customers must walk along a narrow ceramic tile aisle to reach the restrooms. As one travels down the aisle toward the restrooms, a wall is on the left and eating booths are on the right. After one passes the last booth, the back entrance to the restaurant is immediately to the right. The restroom is a few feet beyond the area adjacent to the back entrance and the back of the last booth. Approximately three to five feet from the restroom door, plaintiff slipped on a puddle of water in front of the back entrance. Snow had fallen before plaintiff arrived at defendant's restaurant. After plaintiff fell, he and his family left the restaurant without speaking to any employees. Plaintiff alleges that he suffered back pains that evening.

The next day plaintiff returned to defendant's restaurant to complain to the manager about his fall. At his deposition, plaintiff stated that during this time he overheard the manager angrily chastising his employees for failing to remove the puddle of water.

Plaintiff presented the affidavit of one customer who witnessed his fall. Defendant's answer denied negligence and alleged that plaintiff was contributorily negligent for failing to keep a proper lookout. On 8 January 1990, defendant moved for summary judgment pursuant to G.S. 1A-1, Rule 56. The motion was granted in favor of defendant on 14 May 1990. Plaintiffs appeal.

*Tania L. Leon, P.A., for plaintiff-appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson, for defendant-appellee.*

EAGLES, Judge.

Plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment. Plaintiffs argue that genuine

issues of material fact exist as to whether the puddle was a hidden danger about which defendant knew or should have known. We agree.

Under G.S. 1A-1, Rule 56(c) defendant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [defendant] is entitled to a judgment as a matter of law." Defendant, the party moving for summary judgment here, has the burden of establishing the absence of any triable issue of fact. *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 204, 271 S.E.2d 54, 57 (1980). When a trial court considers a motion for summary judgment, "the evidence is viewed in the light most favorable to the non-moving party." *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986).

Since summary judgment "provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). Summary judgment is rarely appropriate in negligence cases because "it ordinarily remains the province of the jury to apply the reasonable person standard." *Moore v. Crumpton*, 306 N.C. 618, 624, 295 S.E.2d 436, 441 (1982). After careful review of the record, we hold that the evidence, when viewed in the light most favorable to the plaintiffs, raises a genuine issue of material fact. Accordingly, we reverse the entry of summary judgment in favor of defendant and remand for trial.

In order to survive defendant's motion for summary judgment, "plaintiff must allege a *prima facie* case of negligence — defendants owed plaintiff a duty of care, defendants' conduct breached that duty, the breach was the actual and proximate cause of plaintiff's injury, and damages resulted from the injury." *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 416, 395 S.E.2d 112, 115 (1990). Plaintiff was an invitee on defendant's premises because his purpose for entering defendant's restaurant was to purchase food. *Morgan v. Great Atlantic and Pacific Tea Co.*, 266 N.C. 221, 226, 145 S.E.2d 877, 881 (1966). Because plaintiff was an invitee defendant has a duty "to keep 'entrances to his business in a reasonably safe condition for the use of customers entering or leaving the premises.'" *Lamm*, 327 N.C. at 416, 395 S.E.2d at 115 (quoting *Lamm v.*

*Bissette Realty, Inc.*, 94 N.C. App. 145, 146, 379 S.E.2d 719, 721 (1989) ). Additionally, defendant "has a duty to warn invitees of hidden dangers about which [defendant] knew or should have known." *Lamm*, 327 N.C. at 416, 395 S.E.2d at 115.

Defendant contends summary judgment was appropriate because "[w]hen plaintiff was asked [at his deposition] whether he could have seen the puddle had he looked at the floor, plaintiff responded '[y]es, it was obvious.' This is evidence that plaintiff's view was unobstructed . . . , the condition was in plain view . . . , [and] that he failed to focus attention on the condition." Defendant bases much of his argument for summary judgment on the following testimony from plaintiff's deposition:

Q: Did you see the puddle before you fell?

A: No.

Q: When did you first see it?

A: Whenever I got up.

Q: Why didn't you see it before you fell?

A: I was going to the restroom.

Q: Were you looking so that you could see the puddle?

A: I was looking at this door straight ahead (indicating on diagram). Normally—usually someone may be coming out of this door—or whatever, I was looking dead at the door, I was going to the restroom and fell.

Q: Did you look at the ground?

A: No.

Q: If you had looked at the ground could you have seen it?

A: Yes; it was obvious.

While a jury may reasonably find that this is some evidence that plaintiff's view was unobstructed, the same jury may also reasonably find from plaintiff's forecast of the evidence that plaintiff's view was obstructed. On 4 May 1990, plaintiff timely filed an affidavit opposing defendant's motion for summary judgment pursuant to G.S. 1A-1, Rule 56(e). In this affidavit, plaintiff explained his statement regarding the puddle as follows:

> I was able to see, only when I was on the floor, that I had slipped in a large puddle of water. This water was not obvious to me as I was walking toward the restroom door, both because of the narrowness of the hallway and because my view was partially obstructed by the booths in the area.
>
> . . . .
>
> When I read the transcript of my testimony, I realized that I had misunderstood a question that was asked of me. . . . "If you had looked at the ground could you have seen it [the puddle]?" The answer to that question is that the puddle of water was only obvious once I was on the ground. I cannot say how many inches or feet from the surface of the floor I would have had to be to have seen the puddle. I can say that as I approached the restroom, my attention was focused on the path in front of me, including the floor, and the puddle was not obvious.

Additionally, plaintiff attached pictures to his affidavit showing how his view could have been obstructed by the rear booth. From this evidence, a jury could reasonably infer that plaintiff's view was obstructed. "On a motion for summary judgment, *all* pleadings, affidavits, answers to interrogatories, and other materials offered must be viewed in the light most favorable to the party against whom summary judgment is sought." *Durham v. Vine*, 40 N.C. App. 564, 566, 253 S.E.2d 316, 318-19 (1979) (emphasis added). When viewed in the light most favorable to plaintiff, the evidence raises a jury question on the issue of defendant's negligence.

Defendant further contends that "[b]ecause of the snow outside, plaintiff should have noticed the puddle in front of the entrance as he approached that area." First, we note that "[t]he issues of proximate cause and contributory negligence are usually questions for the jury." *Lamm*, 327 N.C. at 418, 395 S.E.2d at 116. Secondly, when the evidence is viewed in the light most favorable to plaintiff, "defendant is in no position to deny knowledge" of that morning's weather conditions. *Powell v. Deifells, Inc.*, 251 N.C. 596, 600, 112 S.E.2d 56, 59 (1960). The mere existence of these weather conditions is not enough to find the plaintiff contributorily negligent as a matter of law on defendant's motion for summary judgment. *Id.* Finally, where defendant attempts to allege plaintiff's contributory negligence as a matter of law, our Supreme Court has addressed the issue as follows:

PRICE v. N.C. DEPT. OF CORRECTION

[103 N.C. App. 609 (1991)]

The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety. The question is not whether a reasonably prudent person would have seen the [object] had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor.

*Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981). We conclude that defendant has failed to establish that plaintiff was contributorily negligent as a matter of law.

Accordingly, we reverse the trial court's grant of summary judgment for defendant and remand this matter for a jury trial.

Reversed and remanded.

Judges GREENE and LEWIS concur.