LYNDOLA J. BARBER, Plaintiff-Appellant v. THE PRESBYTERIAN HOSPITAL, a
North Carolina non-profit corporation, Defendant-Appellee

No. COA00-1384

(Filed 6 November 2001)

**1. Premises Liability— step-down—duty to warn—hidden
dangerous condition—directed verdict**

The trial court erred in a negligence action by granting a
directed verdict under N.C.G.S § 1A-1, Rule 50 in favor of defend-
ant hospital based on its conclusion that the hospital did not have
a duty to warn plaintiff about the step-down on the other side of
a door in the hospital where plaintiff fell and was injured while
looking straight ahead rather than down at her feet, because: (1)
the evidence taken in the light most favorable to plaintiff could
reasonably support a jury's conclusion that the hospital had a hid-
den dangerous condition on its premises; (2) plaintiff's view was
obstructed and even if she had been looking down, she would not
have seen the step-down until the door was opened and she was
passing through it; and (3) the question of the reasonableness of
plaintiff's actions, as well as the question of whether defendant
was negligent, are both properly answered by a jury.

**2. Premises Liability— contributory negligence—reasonable
behavior—directed verdict**

The trial court erred in a negligence action by granting a
directed verdict under N.C.G.S § 1A-1, Rule 50 in favor of defend-
ant hospital based on plaintiff's alleged contributory negligence
when she fell and was injured at defendant hospital, because the
question of whether plaintiff behaved reasonably by looking
straight ahead as she pushed the bar on the door and proceeded
through the doorway is one for the jury.

Appeal by plaintiff from judgment entered 9 May 2000 by Judge
Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in
the Court of Appeals 19 September 2001.

*Law Offices of Michael J. Bednarik, P.A., by Michael J.
Bednarik, for plaintiff appellant.*

*Cozen and O'Connor, by Anna Daly, for defendant appellee.*

## BARBER v. PRESBYTERIAN HOSP.

[147 N.C. App. 86 (2001)]

McCULLOUGH, Judge.

Plaintiff Lyndola J. Barber instituted this action for negligence against The Presbyterian Hospital (Hospital), located in Charlotte, North Carolina. The evidence at trial showed the following: On 4 October 1994, plaintiff took her husband to the Hospital for outpatient treatment. While she waited for the procedure to conclude, plaintiff decided to eat in the Hospital cafeteria. The cafeteria was closed, but plaintiff was directed to the Hospital coffee shop. Plaintiff made her way through the main hallway of the Hospital, through a door leading to a stairwell, down the stairs, and then through another door which exited the stairwell area.

The door leading out of the stairwell had a push bar attached to it, which plaintiff pushed with both hands to open the door. As plaintiff pushed the door open, she looked straight ahead and stepped through the doorway. Plaintiff did not realize that there was a step-down immediately on the other side of the door. As she stepped forward with her left foot to go through the door, she lost her balance and fell forward; she also twisted her left ankle and landed heavily on her left knee. Plaintiff's kneecap was fractured, and she was placed in a soft cast and given crutches. Plaintiff also underwent physical therapy for approximately two months.

There was no warning sign of the step-down immediately on the other side of the doorway. There were also no painted lines, warning signs, or any indicators which showed that there was a step-down in that area. On the day in question, the doorway and step-down were in good repair and free of debris. Additionally, the area was well lit, and there were no obstructions to plaintiff's line of sight.

On 14 July 1997, plaintiff sued the Hospital for negligence and requested reimbursement of her medical and physical therapy bills, as well as compensation for pain and suffering, permanent injury to her knee, and lost wages. Plaintiff's case proceeded to a trial by jury at the 1 May 2000 Session of Mecklenburg County Superior Court. After plaintiff rested, defendant moved for a directed verdict pursuant to N.C. Gen. Stat. § 1A-1, Rule 50(a) (1999). The trial court granted defendant's motion, and dismissed plaintiff's case with prejudice. Plaintiff appealed.

[1] On appeal, plaintiff contends that the trial court erred in granting defendant's motion for a directed verdict because she presented sufficient evidence of negligence for her case to be decided by a

jury. For the reasons set forth, we agree with plaintiff's arguments and hold that the trial court erred in granting a directed verdict for defendant.

## Motion for a Directed Verdict

A motion for a directed verdict by a defendant pursuant to N.C. Gen. Stat. § 1A-1, Rule 50(a) "tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff." *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E.2d 678, 680 (1977). To determine whether a directed verdict is warranted, "the trial court must consider the evidence in the light most favorable to the non-moving party, giving it the benefit of all reasonable inferences to be drawn therefrom, and resolving all conflicts in the evidence in its favor." *Carter v. Food Lion, Inc.*, 127 N.C. App. 271, 273, 488 S.E.2d 617, 619, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 408 (1997). *See also Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979).

We are cognizant that

[o]nly in exceptional cases is it appropriate to enter a directed verdict against a plaintiff in a negligence case. In negligence cases, summary adjudication is normally inappropriate due to the fact that the test of the reasonably prudent person is one which the jury must apply in deciding the questions at issue.

*Carter*, 127 N.C. App. at 274, 488 S.E.2d at 619 (citations omitted). Moreover,

[w]here the question of granting a directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury. If the jury returns a verdict in favor of the moving party, no decision on the motion is necessary and an appeal may be avoided. If the jury finds for the nonmoving party, the judge may reconsider the motion and enter a judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b), provided he is convinced the evidence was insufficient. On appeal, if the motion proves to have been improperly granted, the appellate court then has the option of ordering entry of the judgment on the verdict, thereby eliminating the expense and delay involved in a retrial. *See* Comment, G.S. 1A-1, Rule 50 (1969); 5A Moore's Federal Practice § 50.14 (2d ed. 1975).

*Manganello*, 291 N.C. at 669-70, 231 S.E.2d at 680.

**BARBER v. PRESBYTERIAN HOSP.**

[147 N.C. App. 86 (2001)]

Because plaintiff's case arises in negligence, her evidence must prove a *prima facie* case in order to survive a motion to dismiss; that is, she must prove that "[1] defendant owed her a duty of care; [2] defendant breached that duty; [3] the breach was the actual and proximate cause of plaintiff's injury; and [4] damages resulted from the injury." *Frendlich v. Vaughan's Foods*, 64 N.C. App. 332, 335, 307 S.E.2d 412, 414 (1983).

The North Carolina Supreme Court recently eliminated the distinction between a licensee and an invitee with regard to the legal duty owed by the landowner to each, and instead adopted the "pillar of modern tort theory: negligence." *Nelson v. Freeland*, 349 N.C. 615, 633, 507 S.E.2d 882, 893 (1998), *reh'g denied*, 350 N.C. 108, 533 S.E.2d 467 (1999). In *Nelson*, the Supreme Court stated:

> In so holding, we note that we do not hold that owners and occupiers of land are now insurers of their premises. Moreover, we do not intend for owners and occupiers of land to undergo unwarranted burdens in maintaining their premises. Rather, we impose upon them only the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors.

*Id.* at 632, 507 S.E.2d at 892. Case law has interpreted "reasonable care" to mean that a landowner must not unnecessarily expose a lawful visitor to danger, and the landowner must also give warning of hidden conditions and dangers of which the landowner has express or implied notice. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E.2d 559, 562 (1981). We now turn to the step-down at the Hospital and consider whether the Hospital had a duty to warn, or whether the step-down was an obvious condition.

In granting defendant's motion for a directed verdict, the trial court made the following findings of fact:

> That this step-down is at an entrance or an exit of a building wherein there is a door. There is not evidence that the step has [sic] not in good repair. There is evidence to show that it's in plain view. There is no evidence to show that there was inadequate lighting, or that it was wet, or that it was slippery. There is no evidence of any obstruction, from plaintiff's viewpoint, as she entered the doorway and stepped off the step, so as the step is unlevel or that its rise is uneven.

**THE COURT, THEREFORE, GRANTS THE MOTION FOR DIRECTED VERDICT, IN FAVOR OF THE DEFENDANT.**

Plaintiff argues that she was unfamiliar with the layout of the Hospital and had never gone down the staircase and through the doorway in question. She maintains that the step-down was a hidden danger that could not be perceived until the door was open and she was stepping through it. It is undisputed that there were no warnings to alert her to the fact that immediately on the other side of the door was a step-down, and plaintiff testified that she was looking straight ahead and could not see the step-down until she began moving through the door:

Q. What happens, as you first open the door?

A. First open the door, it's a drop off.

Q. Did you know that, when you were going down the stairs, towards that door?

A. No.

Q. Did you know it, when you opened the door?

A. No.

Q. Was there anything telling you or warning you to watch out for that step down?

A. No.

Q. Was the area at the base of the doorway painted a different color, from the rest of the floor?

A. No.

Q. Was there anything that gave you any indication that there was a step down, immediately outside that door?

A. No.

Q. Now, which way does the door open? Does it open from your left-to-right or right-to-left?

A. It opens from my left to my right.

Q. And, as you push the door, did you then walk through?

A. Yes.

**BARBER v. PRESBYTERIAN HOSP.**

[147 N.C. App. 86 (2001)]

Q. And, what happened?

A. When I started through, I stepped out with my left foot. And, my foot went down, because there wasn't anything there. And, as it hit the ground, it twisted and I went down on my knee. I went down on my knee.

Plaintiff contends that this evidence, taken in the light most favorable to her, could reasonably support a jury's conclusion that the Hospital had a hidden dangerous condition on its premises. We agree.

The Hospital, on the other hand, contends it was not required to notify plaintiff of the step-down, because there is no duty to warn of a condition that an ordinarily intelligent person would have seen. *Frendlich*, 64 N.C. App. at 337, 307 S.E.2d at 415. The Hospital argues a step-down is such a common, universal architectural method that it constitutes an open and obvious condition of which there is no duty to warn. The Hospital notes that plaintiff presented no evidence of any debris or obstructions at the stairwell, door or step-down, and there was adequate lighting in place. There is also no evidence of any other accidents at that location. Plaintiff simply did not look down, but instead looked straight ahead and stepped at her own peril.

North Carolina case law is replete with negligence cases involving falls on business properties. For example, in *Yates v. Haley*, 103 N.C. App. 604, 406 S.E.2d 659 (1991), a plaintiff making his way past booths in a McDonald's restaurant slipped and fell in a puddle of water approximately three to five feet from the restaurant's bathroom. *Id.* at 607, 406 S.E.2d at 661. Plaintiff testified that he did not see the puddle because he was looking straight ahead, rather than down at the floor. This Court found a jury issue, stating that the jury could reasonably infer from plaintiff's testimony that his view of the puddle could have been obstructed by a rear booth. *Id.*

Similarly, in the present case, plaintiff's view of the step-down was obstructed by the door. Plaintiff was looking straight ahead, rather than down at her feet, as was the plaintiff in *Yates*. Indeed, plaintiff's view was more obstructed, because even if she had been looking down, she would not have seen the step-down until the door was opened and she was passing through it. We believe the question of the reasonableness of plaintiff's actions, as well as the question of whether defendant was negligent, are both properly answered by a jury. As such, the trial court was in no position to grant a directed verdict in favor of either party.

We also deem plaintiff's case distinguishable from cases such as *Grady v. Penney Co.*, 260 N.C. 745, 133 S.E.2d 678 (1963). In *Grady*, the plaintiff got directions to a dressing room, but did not follow the directions correctly. *Id.* at 747, 133 S.E.2d at 679. She opened a curtain, took two steps inside, then fell down a flight of steps. *Id.* Plaintiff testified that she had shopped at that particular store in the past, and admitted that she could have seen the steps had she looked. *Id.* Our Supreme Court upheld nonsuit in favor of the defendant, based partly on the fact that the plaintiff had gone through the curtain and taken two steps before falling, and because "the stair was in plain view and [plaintiff] was entering the landing at floor level." *Id.* at 748, 133 S.E.2d at 680. In the present case, plaintiff did not take any steps before falling down, and the step-down was not in plain view until after she opened the door.

Defendant cites a number of cases in support of its contention that the step-down was an obvious condition. For example, in *Garner v. Greyhound Corp.*, 250 N.C. 151, 108 S.E.2d 461 (1959), plaintiff fell while exiting defendant's store in a downtown shopping district. *Id.* at 153, 108 S.E.2d at 463. The concrete sidewalk outside the store sloped to the south, and had a six-inch drop-off at one point. Plaintiff fell because she did not see the drop-off near the entryway. *Id.* at 153-54, 108 S.E.2d at 463-64. Plaintiff claimed the sloping sidewalk was an optical illusion and a latent defect of which defendant should have warned her. The Supreme Court allowed nonsuit for defendant because " '[t]he mere fact that a step up or down, or a flight of steps up or down, is maintained at the entrance or exit of a building is no evidence of negligence, if the step is in good repair and in plain view.' " *Id.* at 159, 108 S.E.2d at 467 (quoting *Hollenbaek v. Clemmer*, 66 Wash. 565, 566, 119 P. 1114, 1114, 37 L.R.A. (N.S.) 698 (1912)).

We agree with our Supreme Court that the use of steps is negligent only when by the steps' character, location or surrounding conditions, a reasonably prudent person would not be likely to see the step or expect it. *Harrison v. Williams*, 260 N.C. 392, 395, 132 S.E.2d 869, 871 (1963). Because the step-down in this case was visible only after the door was opened, we hold that plaintiff's evidence is sufficient to present a jury question regarding whether defendant was negligent. Thus, the trial court's grant of a directed verdict to defendant was improper and is hereby reversed.

## Contributory Negligence

**[2]** Plaintiff also maintains she is entitled to argue on appeal that she was not contributorily negligent, because it is unclear from the trial court's findings of fact whether it granted defendant's motion for a directed verdict based on defendant's negligence, her contributory negligence, or both. Defendant argues that plaintiff's evidence clearly establishes her own negligence, such that there is no other reasonable inference or conclusion to be drawn.

The standard of review for contributory negligence was set out by the Supreme Court in *Norwood*:

> The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety. The question is not whether a reasonably prudent person would have seen the platform had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor.

*Norwood*, 303 N.C. at 468, 279 S.E.2d at 563.

> With respect to contributory negligence as a matter of law, "[t]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge." *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E.2d 506 (1976); *accord, Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973).

*Rappaport*, 296 N.C. at 384, 250 S.E.2d at 247.

Plaintiff testified that she looked straight ahead as she pushed the bar on the door and proceeded through the doorway. Defendant maintains that all of plaintiff's evidence points to her contributory negligence as a matter of law. It is not for us to say whether plaintiff behaved reasonably. We believe that "[r]easonable men may differ as to whether plaintiff was negligent at all . . . . What would any reasonably prudent person have done under the same or similar circumstances? Only a jury may answer that question . . . ." *Rappaport*, 296 N.C. at 387, 250 S.E.2d at 249.

Based on the foregoing, we hold that the trial court erred in granting a directed verdict for defendant. Consequently, plaintiff is entitled to a

New trial.

Judges WYNN and BRYANT concur.