VIRGINIA BOLICK, Plaintiff v. BON WORTH, INC., Defendant

No. COA01-968

(Filed 21 May 2002)

### Premises Liability— slip and fall—bathroom steps—plaintiff's knowledge of hazard

The trial court did not err by granting summary judgment for defendant in a negligence action arising from a fall on steps leading from a bathroom to defendant's store where plaintiff admitted that she was able to see the floor and the steps leading to the bathroom, the bathroom door was open and the bathroom light was on, and plaintiff had had no trouble getting to the bathroom using the steps. Even if the steps created a hazardous condition, plaintiff had knowledge of that condition and defendant had no duty to warn of an open and obvious danger of which plaintiff had at least equal knowledge.

Appeal by plaintiff from order entered 27 February 2001 by Judge Loto G. Caviness in Lincoln County Superior Court. Heard in the Court of Appeals 25 April 2002.

*Charles R. Hassell, Jr., for plaintiff-appellant.*

*Stiles, Byrum & Horne, L.L.P., by Lane Matthews, for defendant-appellee.*

MARTIN, Judge.

Plaintiff brought this action for personal injuries sustained when she fell at defendant's store in Lincolnton, North Carolina. Defendant denied negligence and asserted plaintiff's contributory negligence as an affirmative defense. Defendant moved for summary judgment.

The evidentiary materials before the trial court tended to show that plaintiff was a customer at defendant's store on 25 June 1996. Plaintiff asked to use the restroom, and was directed by an employee

BOLICK v. BON WORTH, INC.

[150 N.C. App. 428 (2002)]

to an area in the back of the store. Although plaintiff testified at her deposition that she could not recall whether the hallway outside the bathroom was lit, she stated that she did not have any trouble seeing because the bathroom light was on and the bathroom door was open; light was also coming from the door leading to the main area of the store. She also stated she could see the floor, and saw several wooden steps leading up to the bathroom. Plaintiff testified that she had no trouble getting into the bathroom; however, as she attempted to exit the bathroom, she fell down the steps, striking the wall and suffering injuries to her head and shoulder. Plaintiff claimed that when she opened the door, there was "no landing there, no nothing. It was step downs (sic), but when the door flew open I just went sailing." Plaintiff stated that she had not forgotten about the steps outside the bathroom, and that she did not trip going out of the bathroom. Materials before the court also included photographs of the hallway and a report from plaintiff's expert, Norman A. Cope, who concluded that the step-down from the bathroom created a hazardous condition.

The trial court granted defendant's motion for summary judgment on grounds that there were no issues of material fact as to (1) the breach of any duty owed plaintiff by defendant, and (2) plaintiff's contributory negligence as a matter of law. Plaintiff appeals. ·

---

Plaintiff assigns error to the trial court's grant of summary judgment dismissing her complaint. We affirm.

Summary judgment is appropriate when all the evidentiary materials before the court "show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The burden is on the party moving for summary judgment to show the absence of any genuine issue of fact and his entitlement to judgment as a matter of law. *First Federal Savings & Loan Ass'n v. Branch Banking & Trust Co.*, 282 N.C. 44, 191 S.E.2d 683 (1972).

The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (citation omitted). In ruling on the motion, the court is not authorized to resolve issues of fact, only to determine whether

**BOLICK v. BON WORTH, INC.**

[150 N.C. App. 428 (2002)]

there exists any genuine issues of fact material to the outcome of the case. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

In a negligence action, to survive a motion for summary judgment, plaintiff must establish a *prima facie* case by showing: "(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." *Lavelle v. Schultz*, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995) (citation omitted), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715 (1996).

Owners and occupiers of land have a duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors. *Barber v. Presbyterian Hosp.*, 147 N.C. App. 86, 89, 555 S.E.2d 303, 306 (2001) (citing *Nelson v. Freeland*, 349 N.C. 615, 632, 507 S.E.2d 882, 892, *reh'g denied*, 350 N.C. 108, 533 S.E.2d 467 (1999)). "Reasonable care" requires that the landowner not unnecessarily expose a lawful visitor to danger and give warning of hidden hazards of which the landowner has express or implied knowledge. *Id.* (citing *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E.2d 559, 562 (1981)). There is no duty to protect or warn, however, "against dangers either known or so obvious and apparent that they reasonably may be expected to be discovered." *Von Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000), *affirmed*, 353 N.C. 445, 545 S.E.2d 210 (2001) (citing *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 162, 516 S.E.2d 643, 646 (1999)). Moreover, a landowner is not required to warn of hazards of which the lawful visitor has "equal or superior knowledge." *Id.* (citation omitted).

In *Von Viczay*, the plaintiff arrived at the home of the defendant for a party on a wintry evening with ice and snow on the ground. The defendant had shoveled and salted all her walkways prior to the party. Nevertheless, the plaintiff observed some snow and ice along the walkway as she entered the house. When the plaintiff left the party, she fell walking along the same walkway from which she had entered the defendant's home. This Court held that the defendant had no duty to warn the plaintiff or to protect her from the hazard when the facts indicated the plaintiff had equal knowledge of the hazardous condition. *Id.*

In the present case, plaintiff admitted that she was able to see the floor and the steps leading to the bathroom. She stated that she did

not have any trouble seeing because the bathroom light was on and the bathroom door was open. She testified that she had no trouble getting into the bathroom using the steps. Important to the disposition of this case, plaintiff had full knowledge of the condition of the doorway to the bathroom by virtue of having safely negotiated her way inside the bathroom moments before she fell. On this record, even if the steps leading up to and out of the bathroom created a hazardous condition, plaintiff had knowledge of the alleged hazardous condition. *See Von Viczay,* 140 N.C. App. at 739, 538 S.E.2d at 631.

Because we determine that defendant had no duty to warn of an open and obvious danger of which plaintiff had at least equal knowledge prior to the injury, we do not reach plaintiff's remaining argument regarding whether she was contributorily negligent as a matter of law.

Affirmed.

Judges TYSON and THOMAS concur.