*********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Glenn and enters the following Decision and Order.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. On December 6, 2005, Plaintiff was a student at North Carolina Central University and was on campus in the Communications building for an evening class at approximately 8:00 pm.
2. After arriving in class, Plaintiff needed to go to the restroom. Since there was not a public restroom on the second floor, Plaintiff took the only passenger elevator in the Communications building up to the third floor.
3. After the elevator stopped on the third floor, the doors opened and Plaintiff stepped off the elevator into the corridor. As she stepped off the elevator into the corridor, she felt the sensation of her right foot going lower than her left foot causing her to lose her balance. The momentum of Plaintiff's body caused her to hit the side of the elevation door and then the wall outside the elevator, striking her right shoulder and twisting her right ankle. Plaintiff braced herself against the wall to keep from falling to the floor.
4. After she recovered from the incident, Plaintiff walked down two halls to the restroom, went to campus security in a different building to report the incident, and then returned to her classroom on the second floor in the Communications building to gather her things.
5. Plaintiff waited several days to see if her ankle would get better, and when it did not, she sought treatment at Alamance Regional Medical Center Emergency Room.
6. Plaintiff also received treatment from Dr. Andrew Jones at Chapel Hill Orthopedic Surgery and Sports Medicine for injuries she alleges she sustained. Plaintiff testified that Dr. Jones prescribed physical therapy and that she started a course of treatment at North Carolina Spine Center but could not complete the treatment due to lack of funds. *Page 3 
7. Plaintiff last saw Dr. Jones in August 2006. Plaintiff still complains of problems with her right ankle swelling.
8. Mr. Donald Boone, who has been employed by Defendant for the last 15 years as a carpenter, was responsible for oversight of the elevators on campus for a period of 6-12 months, including specifically the time period from July 2005 to December 2005.
9. Prior to Plaintiff's incident on December 6, 2006, Mr. Boone received only one other complaint that the elevator, which is the subject of this claim, was not properly functioning. Once Mr. Boone received notification of the malfunctioning elevator on July 13, 2005, he called Otis (the elevator servicing company for the University) the next day for them to come and repair the problem. After being called by Mr. Boone, Otis repaired the elevator and placed it back into service.
10. The elevator in question was inspected by the North Carolina Department of Labor on July 13, 2005 and as a result of that inspection Mr. Boone was notified that there were six problems with the elevator that needed to be corrected. None of these problems involved the elevator failing to level correctly. As in prior instances, when Mr. Boone received notification of these problems, he called Otis and the cited conditions were corrected.
11. Plaintiff failed to offer any evidence that Defendant had notice of a problem with the elevator failing to level on or near December 6, 2006.
12. There has been no evidence of any kind offered as to any negligence on the part of any named employees.
13. There has been no testimony offered as to any standard that has been breached by the N.C. Central University or its employees. *Page 4 
14. Defendant moved for a dismissal at the close of Plaintiff's presentation of evidence. The Deputy Commissioner granted Defendant's motion.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSION OF LAW
1. N.C. Gen. Stat. § 143-297(2) (2007) requires that a plaintiff filing suit against a state agency provide by affidavit "[t]he name of the department, institution or agency of the State against which the claim is asserted, and the name of the State employee upon whose alleged negligence the claim is based[.]" The North Carolina Court of Appeals has stated that "t]he purpose of requiring a claimant to name the negligent employee of the State agency is to enable the agency to investigate the employee involved and not all employees." Davis v. N.C.Dept. of Human Resources, 121 N.C. App. 105, 111, 465 S.E.2d 2, 6
(1995), disc. review denied, 343 N.C. 750, 473 S.E.2d 612 (1996). Plaintiff presented no evidence with respect to the three employees he named as negligent in his affidavit.
2. Under the Tort Claims Act negligence is determined by the same rules as those applicable to private parties. "To establish actionable negligence, plaintiff must show that: (1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." Bolkhir v. North Carolina StateUniv., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In a premises liability case the Plaintiff must show that Defendant owed her a duty and that the Defendant breached that duty by unnecessarily exposing her to danger and failing to warn her of "hidden hazards of which the defendant had express or implied knowledge, causing her injuries.Bolick v. Bon Worth, Inc., 150 N.C. App. 428, 430, 562 S.E.2d 602, 604,disc. *Page 5 review denied, 356 N.C. 297, 570 S.E.2d 498 (2002). The reasonableness of a defendant's exercise of care "must be judged against the conduct of a reasonably prudent person under the circumstances." Lorinovich v.K-Mart Corp., 134 N.C. App. 158, 161, 516 S.E.2d 643, 646, cert.denied, 351 N.C. 107, 541 S.E.2d 148 (1999). Plaintiff failed to prove Defendant had notice of a problem with the elevator leveling. The only prior leveling problem with the elevator Plaintiff introduced into evidence concerned a problem five months before Plaintiff's incident and that problem was reported and corrected. Defendant had no express or implied knowledge of the problem with the elevator on the date of Plaintiff's incident.
4. Since Plaintiff failed to prove negligence on the part of Defendant, her claim was properly dismissed. N.C. Gen. Stat. § 1A-1, Rule 41(b) of the North Carolina Rules of Civil Procedure.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
3. Plaintiff's Motion for Default filed October 13, 2008 alleging that Defendant did not timely file its brief to the Full Commission is DENIED.
This the ___ day of November 2008.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER *Page 6 
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER