INMAN, Judge.
 

 Plaintiff Milton Draughon, Sr., ("Plaintiff") appeals from an order granting summary judgment in favor of Defendant/Third-Party Plaintiff Evening Star Holiness Church of Dunn (the "Church") on Plaintiff's negligence claims. Plaintiff argues that summary judgment was improper, asserting a genuine issue of material fact existed as to: (1) the presence
 of a legal duty owed to him by the Church; and (2) his contributory negligence in falling on a set of stairs leading into the Church while carrying a casket. After careful review, we reverse the ruling of the trial court.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 The record below indicates the following:
 

 Plaintiff attended a funeral at the Church, located at Sampson Avenue in Dunn, North Carolina, on a sunny day in February of 2015. Before the service started, Plaintiff entered the Church sanctuary through an entrance facing Sampson Avenue. As Plaintiff and a church deacon were speaking, the minister who would be conducting the service approached and asked Plaintiff if he would be willing to help carry the deceased's casket into the sanctuary. Plaintiff declined. Some time later, an employee of the funeral home, Third-Party Defendant Dafford Funeral Home, Inc. ("Dafford"),
 
 [1]
 
 asked Plaintiff to help carry the casket. Plaintiff reconsidered and agreed to help, as he felt physically capable of assisting and Dafford did not have enough employees on hand to carry the casket into the building.
 

 Plaintiff followed the Dafford employee out of the sanctuary through a door facing U.S. Route 421, different than the door Plaintiff had entered earlier, and descended a set of concrete and brick stairs. Once outside, Plaintiff walked approximately 25 to 30 feet to the hearse containing the casket. Plaintiff joined three other men at the hearse, and the group carried the casket, without any apparent difficulty, to the bottom of the stairs Plaintiff had navigated moments earlier. They then began ascending the stairs, unhindered by the casket. Before reaching the entryway, Plaintiff, who was positioned on the front left side of the casket, tripped on the top step and injured his knees. The top step was approximately two-and-a-half inches taller than the preceding steps.
 

 Plaintiff filed suit against the Church on 22 August 2017, alleging negligence, negligence
 
 per se
 
 , and
 
 res ipsa loquitur
 
 arising out of the stair's defective and dangerous condition,
 
 i.e.
 
 , the difference in height between the top step and the ones below it. In response, the Church filed a combined answer and third-party complaint against Dafford for contribution and indemnification, asserting by affirmative defense that Plaintiff was contributorily negligent in failing to use reasonable care. Plaintiff, with leave of the trial court, filed an amended complaint on 5 March 2018.
 

 The Church moved for summary judgment on Plaintiff's claims. The Church's motion argued, among other things, that Plaintiff possessed equal or superior knowledge of the alleged defective condition, having descended the stairs without issue moments before tripping. Plaintiff filed an affidavit in opposition; he also filed an affidavit from an engineering expert attesting to the defect in the stairs. Following a hearing, the trial court granted the Church's summary judgment motion on the grounds that Plaintiff had equal or superior knowledge of the open and obvious hazard and failed to exercise due care in navigating the steps. Plaintiff appeals.
 

 II.
 
 ANALYSIS
 

 Plaintiff argues that because he introduced sufficient evidence demonstrating genuine issues of material fact, his negligence claim should have survived summary judgment. The Church disagrees, asserting that: (1) Plaintiff had equal or superior knowledge of
 the alleged defect so the Church did not owe him a duty of care; and (2) Plaintiff's contributory negligence caused him to trip. Reviewing the evidence and applicable law, we agree with Plaintiff and reverse the trial court.
 

 A. Standard of Review
 

 "[The] standard of review of an appeal from summary judgment is de novo."
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008). The party moving for summary judgment holds the burden of showing "there is no genuine issue of fact remaining for determination and that he is entitled to judgment as a matter of law."
 
 First Fed. Sav. & Loan Ass'n v. Branch Banking & Trust Co.,
 

 282 N.C. 44
 
 , 51,
 
 191 S.E.2d 683
 
 , 688 (1972) (citation omitted). We must construe the evidence introduced at summary judgment "in the light most favorable to the non-moving party and with the benefit of all reasonable inferences."
 
 Jenkins v. Lake Montonia Club, Inc.
 
 ,
 
 125 N.C. App. 102
 
 , 104,
 
 479 S.E.2d 259
 
 , 261 (1997).
 

 "Summary judgment is rarely appropriate in negligence cases, even when there is no dispute as to the facts, because the issue of whether a party acted in conformity with the reasonable person standard is ordinarily an issue to be determined by a jury."
 
 Surrette v. Duke Power Co.
 
 ,
 
 78 N.C. App. 647
 
 , 650,
 
 338 S.E.2d 129
 
 (1986) (citation omitted). "Issues of contributory negligence, like those of ordinary negligence are rarely appropriate for summary judgment. Only where plaintiff's own negligence discloses contributory negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted."
 
 Jenkins
 
 ,
 
 125 N.C. App. at 104
 
 ,
 
 479 S.E.2d at 261
 
 (citations omitted).
 

 B. Duty to Warn
 

 The parties dispute whether Plaintiff's evidence discloses a duty owed to him by the Church. Landowners "have a duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors."
 
 Bolick v. Bon Worth, Inc.
 
 ,
 
 150 N.C. App. 428
 
 , 430,
 
 562 S.E.2d 602
 
 , 604 (2002) (citing
 
 Barber v. Presbyterian Hosp.
 
 ,
 
 147 N.C. App. 86
 
 , 89,
 
 555 S.E.2d 303
 
 , 306 (2001) ). This "reasonable care" requires landowners to "warn[ a lawful visitor] of hidden conditions and dangers of which the landowner has express or implied notice."
 
 Barber
 
 ,
 
 147 N.C. App. at 89
 
 ,
 
 555 S.E.2d at 306
 
 . That said, "a landowner need not warn of any 'apparent hazards or circumstances of which the invitee has equal or superior knowledge.' "
 
 Von Viczay v. Thoms
 
 ,
 
 140 N.C. App. 737
 
 , 739,
 
 538 S.E.2d 629
 
 , 631 (2000) (quoting
 
 Jenkins
 
 ,
 
 125 N.C. App. at 105
 
 ,
 
 479 S.E.2d at
 
 262 ).
 

 The Church argues that Plaintiff had equal or superior knowledge of the stairs' condition because he had descended them without issue before later tripping on ascent, noting that this Court has upheld entry of summary judgment on premises liability claims where the plaintiffs had previously avoided or successfully navigated the hazards that later caused injury.
 
 Bolick
 
 ,
 
 150 N.C. App. at 429
 
 ,
 
 562 S.E.2d at
 
 603 ;
 
 Von Viczay
 
 ,
 
 140 N.C. App. at 740
 
 ,
 
 538 S.E.2d at 631
 
 . Those cases are distinguishable.
 

 In
 
 Bolick
 
 , a customer asked to use a store's bathroom.
 
 150 N.C. App. at 428-29
 
 ,
 
 562 S.E.2d at 603
 
 . A store employee directed the customer to several steps leading to a slightly raised bathroom door.
 

 Id.
 

 The customer successfully traversed the stairs, which were lit by several light sources, and used the bathroom.
 
 Id.
 
 at 429,
 
 562 S.E.2d at 603
 
 . When she exited, the customer fell down the stairs and injured herself; she later filed suit, averring that the step-down from the bathroom door constituted a hazardous condition.
 

 Id.
 

 On these facts, we held that summary judgment for the defendant store was proper, as "plaintiff had full knowledge of the condition of the doorway to the bathroom by virtue of having safely negotiated her way inside the bathroom moments before she fell."
 
 Id.
 
 at 431,
 
 562 S.E.2d at 604
 
 .
 

 Similarly, in
 
 Von Viczay
 
 , the plaintiff walked down an icy path to the front door of a home to attend a party.
 
 140 N.C. App. at 737-78
 
 ,
 
 538 S.E.2d at 630
 
 . The plaintiff was able to observe the ice and snow that covered the ground and walkway, as they were well lit.
 

 Id.
 

 When the plaintiff later exited the home, she slipped and fell on the ice; because the plaintiff had seen the ice and already
 successfully navigated the hazardous condition once before, we held she had failed to demonstrate the defendant owed her any duty.
 

 Id.
 

 at 740
 
 ,
 
 538 S.E.2d at 632
 
 .
 Unlike the plaintiffs in
 
 Bolick
 
 and
 
 Von Viczay
 
 , Plaintiff has introduced evidence that he did not have knowledge of the hazardous condition caused by the irregular height of the top step despite descending the stairs just moments earlier. In his affidavit, Plaintiff stated that this defect could not "be perceived by the naked eye at a reasonable distance while climbing those stairs ... [or] while walking down the stairs or while walking up the stairs." By contrast, in
 
 Bolick
 
 and
 
 Von Viczay
 
 it was undisputed that the hazards were known to the plaintiffs.
 
 Bolick
 
 ,
 
 150 N.C. App. at 431
 
 ,
 
 562 S.E.2d at
 
 604 ;
 
 Von Viczay
 

 140 N.C. App. at 737-78
 
 ,
 
 538 S.E.2d at 630
 
 . Those decisions, therefore, are inapplicable to the situation, presented here, in which a plaintiff introduces evidence showing he was unaware of and unable to discern the hazardous condition despite prior exposure. As a result, we hold that there exists a genuine issue of material fact as to whether Plaintiff had equal or superior knowledge of the hazard at issue, and summary judgment on this ground was improper.
 

 Having held that a genuine issue of material fact exists concerning Plaintiff's knowledge of the hazard, we believe this case is more similar to
 
 Lamm v. Bissette Realty, Inc.
 
 ,
 
 327 N.C. 412
 
 ,
 
 395 S.E.2d 112
 
 (1990), than the precedents cited by the Church. In
 
 Lamm
 
 , the plaintiff exited a building by descending a set of steps that terminated in an asphalt ramp leading to a parking lot.
 
 Id.
 
 at 414,
 
 395 S.E.2d at 114
 
 . The top two steps were six and one-half inches high; the final step, because of the manner in which the ramp was constructed, had "the effective height of ... eight and one-half inches."
 

 Id.
 

 The plaintiff slipped and fell as she was stepping off the bottom step and later brought suit to recover for her injuries.
 
 Id.
 
 at 414-15,
 
 395 S.E.2d at 114
 
 . The trial court entered summary judgment for the defendants and we reversed; on appeal to the Supreme Court, our decision was modified and affirmed.
 
 Id.
 
 at 418,
 
 395 S.E.2d at 116
 
 . In its opinion, the Supreme Court determined from the plaintiff's evidence that:
 

 [T]he fact that the last step down is some two inches deeper than the other two steps, partly as a result of this sloping, is not so obvious to someone descending the stairs. The combination of the slope and the variation of the height cannot be said as a matter of law to be an open and obvious defect of which plaintiff ... should have been aware.
 

 Id.
 
 at 416-17,
 
 395 S.E.2d at 115
 
 . Summary judgment was therefore improper, as "[a] jury could find that this variation in riser height, in part caused by the slope of the asphalt, was a hidden defect which
 defendants should have known about and that defendants had a duty to warn plaintiff[.]"
 
 Id.
 
 at 417,
 
 395 S.E.2d at 115
 
 .
 

 The Church argues that
 
 Lamm
 
 is inapposite, asserting it: (1) involved a plaintiff with no prior experience with the hazard, and therefore does not concern a plaintiff with equal or superior knowledge; and (2) addresses hidden, and not open and obvious, defects. These arguments are misplaced. First, as set forth
 
 supra
 
 , there exists a genuine issue of material fact as to Plaintiff's knowledge of the hazard at issue.
 
 [2]
 
 Second, as set forth
 
 infra
 
 , Plaintiff's forecast of the evidence discloses a genuine issue of fact concerning whether the defect was hidden or open and obvious, just as in
 
 Lamm
 
 .
 

 Plaintiff's affidavit states that the defect in question-the variation in height between the top step and the preceding ones-was not observable from a reasonable distance or while descending or ascending the stairs. Taken in the light most favorable to him, this evidence creates a disputed issue of material fact concerning whether the defect was hidden or open and obvious. The same evidence creates a disputed factual issue regarding
 whether Plaintiff had equal or superior knowledge of the danger after descending the stairs and while approaching with the casket. These factual disputes preclude a decision as a matter of law that the Church did not owe Plaintiff a duty to warn of the alleged defect.
 

 As noted by the dissent, the Church points out that Plaintiff testified at his deposition that he tripped on both the top of the fourth step
 
 and
 
 the brick riser of the top step; he also acknowledged he made contact with the top of the fourth step first. But Plaintiff also testified that "I tripped on the top step and fell into the church." This testimony concerning the cause of Plaintiff's fall and the role of the fourth step and defective top riser in it raises a factual question for the jury to resolve.
 

 In
 
 Lamm
 
 , the defendants attempted a similar argument, "contend[ing] that plaintiff's forecast of evidence shows only that the sloping of the asphalt ramp and not the riser height was the cause of her accident, and therefore the accident was caused by an open and obvious condition of which defendants had no duty to warn plaintiff."
 
 Lamm
 
 ,
 
 327 N.C. at 417
 
 ,
 
 395 S.E.2d at 115-16
 
 . Our Supreme Court reasoned that "[w]hile in her deposition plaintiff kept referring to the 'slope' as the
 cause of her fall, plaintiff never denied that the variation in the riser height contributed to her fall. This ostensible conflict regarding causation is not properly settled by summary judgment; it is a question for the jury."
 
 Id.
 
 at 417,
 
 395 S.E.2d at 116
 
 .
 

 Consistent with
 
 Lamm,
 
 we hold that summary judgment was improper and that a jury should have the opportunity to resolve the factual questions discussed above.
 
 See also
 

 Kiser v. Snyder
 
 ,
 
 17 N.C. App. 445
 
 , 450,
 
 194 S.E.2d 638
 
 , 641 (1973) (holding that when the plaintiff's own evidence presented conflicts internal to both his deposition and affidavits concerning negligence, contributory negligence, and damages, summary judgment was improper).
 

 C. Contributory Negligence
 

 The Church argues an alternative basis for affirming the trial court's order, asserting that "Plaintiff was contributorily negligent because he walked into a danger that was open and obvious." Having held that there is a genuine issue of material fact concerning the openness and obviousness of the hazard at issue, we need not address this argument. The Church also asserts that, even if the defect was hidden, Plaintiff was contributorily negligent in electing to use the stairs rather than taking an adjacent ramp. The cases cited by the Church for this proposition, however, are not applicable here.
 

 The Church first sites
 
 Kelly v. Regency Centers Corp.
 
 ,
 
 203 N.C. App. 339
 
 ,
 
 691 S.E.2d 92
 
 (2010), in which this Court held a plaintiff was contributorily negligent as a matter of law in failing to avoid an openly and obviously dangerous condition.
 
 203 N.C. App. at 343-44
 
 ,
 
 691 S.E.2d at 95-96
 
 . In the present case, and as detailed
 
 supra
 
 , the openness and obviousness of the defect that led to Plaintiff's injury is an issue of fact raised by the evidence; as a result,
 
 Kelly
 
 's holding is of no import. In the other case cited by the Church,
 
 Dunnevant v. Southern Railway Co.
 
 ,
 
 167 N.C. 232
 
 ,
 
 83 S.E. 347
 
 (1914),
 
 [3]
 
 our Supreme Court held that a plaintiff was contributorily negligent when he elected to leave a train platform via a darkened set of stairs he knew to be dangerous rather than descending a well-lit alternative available and known to him.
 
 167 N.C. at 233
 
 ,
 
 83 S.E. at 348
 
 . The Supreme Court premised its holding on the maxim that "[i]f two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way,
 
 with knowledge of the danger
 
 , constitutes contributory negligence."
 

 Id.
 

 (citations omitted) (emphasis added). Here, Plaintiff introduced evidence showing he did not have
 knowledge of the defect that he contends led to his injury and that the defect was undiscoverable by the means available to him at the time; as a result,
 
 Dunnevant
 
 is distinguishable.
 

 Notwithstanding these differences, the Church contends that no reasonably prudent person would elect to carry a casket by hand up the stairs under the circumstances faced by Plaintiff independent of his subjective
 knowledge of any danger.
 
 See, e.g.,
 

 Smith v. Fiber Controls Corp.
 
 ,
 
 300 N.C. 669
 
 , 673,
 
 268 S.E.2d 504
 
 , 507 (1980) (noting a plaintiff "may be contributorily negligent if his conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety" (citation omitted)). However, under this rule, "[t]he standard of care required differs with the exigencies of the situation."
 
 O'Neal v. Kellett
 
 ,
 
 55 N.C. App. 225
 
 , 229,
 
 284 S.E.2d 707
 
 , 710 (1981) (citation omitted).
 

 The Church asserts Plaintiff was contributorily negligent in: (1) failing to use a nearby ramp; (2) failing to ask for additional assistance in carrying the casket or suggesting the use of a trolley; and (3) ascending the stairs sideways while carrying the casket. These conclusory assertions of fact, however, are disputed by Plaintiff's evidence. Plaintiff's deposition testimony and affidavit assert that the danger in this case was not the act of carrying a casket up a flight of stairs, but was instead a hazardous difference in height between the top step and the ones below it; indeed, Plaintiff stated in his affidavit that his "fall occurred solely because [he] tripped on the top stair of the staircase" and expressly disclaimed any effect the casket had on his ability to climb the steps. He also testified in deposition that he had no concerns carrying the casket with just four people and reiterated in his affidavit that he is "a strong man and had no difficulty lifting the casket or carrying the casket[.]" Nor, per his affidavit, did he have a "reason to think that four strong adults could not safely carry a casket up a flight of stairs." As for the danger itself, Plaintiff's affidavit states that "the defect in the stairs ... cannot be perceived by the naked eye at a reasonable distance while climbing those stairs" or "while walking down ... or ... up the stairs[,]" and he testified at deposition that he "didn't recognize" the defect at the time he descended the steps.
 

 Taking this evidence in the light most favorable to Plaintiff, a reasonable and prudent person would not know to take any precautions against this apparently imperceptible danger, whether carrying a casket or not. Thus, that same reasonable and prudent person would not believe taking the adjacent ramp to be necessary, nor feel the need to seek additional help or use a trolley, and we do not believe that carrying
 a casket up the church steps into the sanctuary for a funeral is an indisputably negligent act.
 
 Cf.
 

 O'Neal
 
 ,
 
 55 N.C. App. at 228-29
 
 ,
 
 284 S.E.2d at 710
 
 ("When she was injured, plaintiff was where she had a privilege to be: using a common area of defendants' premises intended for use by defendants' tenants. Under these circumstances, it cannot be said as a matter of law that plaintiff was required to avoid the use of the stairs or to use them at her peril, or that she was required to use an alternate route." (citations omitted)). So we cannot conclude that, as a matter of law, Plaintiff was contributorily negligent in electing to utilize the apparently safe stairs rather than taking the casket up the adjacent ramp. Nor can we conclude he was contributorily negligent as a matter of law in traversing the stairs side-step with a casket in hand or in relying on three other "strong men" to assist him where Plaintiff's evidence, taken in the light most favorable to him, demonstrates no additional help was needed to carry the casket.
 

 III.
 
 CONCLUSION
 

 For the foregoing reasons, we reverse the trial court's entry of summary judgment for the Church and remand for further proceedings.
 

 REVERSED AND REMANDED.
 

 Judge COLLINS concurs.
 

 Judge DILLON dissents by separate opinion.
 

 Counsel for Dafford has not entered an appearance in this appeal, so we limit our discussion of Dafford to the factual and procedural history.
 

 As a factual matter, the Church appears to be incorrect in claiming the plaintiff in
 
 Lamm
 
 had never before traversed the steps on which she was injured.
 
 Lamm v. Bissette Realty
 
 ,
 
 94 N.C. App. 145
 
 , 148-49,
 
 379 S.E.2d 719
 
 , 722 (1989) (Lewis, J., dissenting) ("The evidence also shows that plaintiff had walked up and down the same place approximately 30 days earlier and again only 15 minutes before she fell.").
 

 This decision was reprinted in 1953 at
 
 167 N.C. 272
 
 .