DAVID C. JENKINS, Plaintiff v. LAKE MONTONIA CLUB, INC., Defendant

No. COA96-315

(Filed 7 January 1997)

**Negligence § 147 (NCI4th)— summary judgment—plaintiff's claim barred—contributory negligence—personal injury— plaintiff's awareness of danger**

The trial court correctly granted summary judgment in favor of the defendant where the plaintiff's own negligence barred him from recovery in a personal injury case against defendant, Lake Montonia Club, Inc. Plaintiff was injured after he slid down a sliding board on his knees and struck his head on the bottom of the lake after attempting to dive across the lake. The defendant's forecast of evidence showed the danger of striking the bottom of the swimming area when diving head first into shallow water was

obvious to plaintiff. Therefore, defendants established the defense of contributory negligence.

**Am Jur 2d, Premises Liability §§ 673, 674, 786, 790.**

**Liability of swimming facility operator for injury or death allegedly resulting from defects of diving board, slide, or other swimming pool equipment. 85 ALR3d 849.**

Appeal by plaintiff from order of summary judgment entered 11 December 1995 by Judge Charles C. Lamm, Jr., in Cleveland County Superior Court. Heard in the Court of Appeals 21 November 1996.

*Roberts & Rhodes, P.A., by Joseph B. Roberts, III, for plaintiff appellant.*

*Crews & Klein, P.C., by James P. Crews and Paul I. Klein, for defendant appellee.*

SMITH, Judge.

Plaintiff instituted this action to recover for injuries suffered as a result of a dive made from a sliding board at Lake Montonia Club, Inc., located in Kings Mountain, North Carolina. Plaintiff was 18 years old at the time of the accident. On 27 June 1994, at approximately 8 p.m. plaintiff David C. Jenkins broke his neck when he made a flat, shallow dive from a kneeling position from a sliding board at Lake Montonia. While plaintiff was rendered permanently, partially paralyzed, he does have limited mobility by using braces and a walker.

Plaintiff and his girlfriend went to Lake Montonia in the early evening of 27 June 1994. They entered the swimming area and plaintiff went to the sliding board. Plaintiff slid down the sliding board on his knees. When he got to the end of the sliding board he attempted to dive out across the water. Plaintiff's head came into contact with the concrete bottom of the swimming area, located immediately in front of the sliding board. Subsequently this action was filed.

On 18 July 1995 defendant Lake Montonia Club moved for summary judgment. The trial court granted the motion and found that there was no genuine issue as to any material fact and plaintiff was contributorily negligent as a matter of law. From this judgment plaintiff appeals. Plaintiff brings forth two assignments of error. We

determine that plaintiff's own negligence precludes recovery from defendant.

Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The party moving for summary judgment has the burden of showing there is no triable issue of material fact. *Pembee Manufacturing Corp. v. Cape Fear Construction Co.,* 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). The Court must look at the evidence in the light most favorable to the non-moving party and with the benefit of all reasonable inferences. *Isbey v. Cooper Companies, Inc.,* 103 N.C. App. 774, 775, 407 S.E.2d 254, 256 (1991), *disc. review denied,* 330 N.C. 613, 412 S.E.2d 87 (1992). Issues of contributory negligence, like those of ordinary negligence are rarely appropriate for summary judgment. *Ballenger v. Crowell,* 38 N.C. App. 50, 55, 247 S.E.2d 287, 291 (1978). Only where plaintiff's own negligence discloses contributory negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted. *Izard v. Hickory City Schools Bd. of Education,* 68 N.C. App. 625, 627-28, 315 S.E.2d 756, 758 (1984).

In order for plaintiff to recover from defendant for his injuries, he must show defendant breached the standard of care owed to him. The standard of care of defendant depends upon the status of plaintiff, whether he was an invitee, a licensee or a trespasser. *See Hoots v. Pryor,* 106 N.C. App. 397, 406, 417 S.E.2d 269, 275, *disc. review denied,* 322 N.C. 345, 421 S.E.2d 148 (1992).

> "The distinction between an invitee and a licensee is determined by the nature of the business bringing a person to the premises. A licensee is one who enters on the premises with the possessor's permission, express or implied, *solely for his own purposes* rather than the possessor's benefit. An invitee is a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself."

*Newton v. New Hanover County Bd. of Ed.,* 114 N.C. App. 719, 723, 443 S.E.2d 347, 350 (1994) (citation omitted), *aff'd,* 342 N.C. 554, 467 S.E.2d 58 (1996). "An owner of premises owes to an invitee the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn the invitee of hidden perils or unsafe condi-

tions that can be ascertained by reasonable inspection and supervision." *Byrd v. Arrowood*, 118 N.C. App. 418, 421, 455 S.E.2d 672, 674 (1995) (citing *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992)). However, a premises owner does not have to warn an invitee of apparent hazards or circumstances of which the invitee has equal or superior knowledge. *Farrelly v. Hamilton Square*, 119 N.C. App. 541, 546, 459 S.E.2d 23, 27 (1995) (citing *Roumillat*, 331 N.C. 57, 67, 414 S.E.2d 339, 344.) An invitee is still required to exercise ordinary care for his own safety.

> "Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to do so, and if he fails to exercise such care, and such failure, concurring and cooperating with the actionable negligence of defendant contributes to the injury complained of, he is guilty of contributory negligence. Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.
>
> * * * *
>
> Plaintiff may be contributorily negligent if his conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety.

*Smith v. Fiber Controls Corp.*, 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980) (quoting *Clark v. Roberts*, 263 N.C. 336, 139 S.E.2d 593 (1965)).

"A licensee is one who enters on the premises with the possessor's permission, express or implied, solely for his own purposes rather than for the possessor's benefit." *Hoots*, 106 N.C. App. at 406, 417 S.E.2d at 275. If the owner is actively negligent in managing the property while the licensee *is exercising due care on the premises and subjects the licensee to increased danger*, the owner will be liable for injuries sustained as a result of such active conduct or affirmative negligence. *DeHaven v. Hoskins*, 95 N.C. App. 397, 400, 382 S.E.2d 856, 858, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989).

A property owner has no duty, however, to keep the premises safe for the licensee's use, protect him from injuries caused by the condition of the property, or protect him from damages caused by ordinary

use of the premises. *Pafford v. Construction Co.*, 217 N.C. 730, 736, 9 S.E.2d 408, 412 (1940). The general rule is that a landowner is not liable for injuries to a licensee due to the condition of the property or due to passive negligence or acts of omission. *DeHaven*, 95 N.C. App. at 400, 382 S.E.2d at 858. A licensee enters the premises by permission but goes there at her own risk to enjoy the license subject to its accompanying perils. *Pafford*, 217 N.C. at 737, 9 S.E.2d at 412.

The record in this case reveals that Lake Montonia Club, Inc., consists of a group of owners of lots surrounding Lake Montonia. Landowners are members of the Club and the Club owns the lake and its recreational facilities. Others may become associate members of the Club and use the recreational facilities on a seasonal basis. Plaintiff's parents had been associate members of the Club for many years. The record does not disclose enough information upon which we can determine whether plaintiff was an invitee or a licensee. However, it matters not because in either case plaintiff's own negligence bars his recovery.

Defendant presented the following evidence in support of the summary judgment motion, much of which was from plaintiff's deposition. Prior to the accident, plaintiff had gone down the sliding board on his knees on many occasions. When asked if he had ever gone down the slide at Lake Montonia on his knees before, he replied, "Done it for a long time." Other members of the Club had also gone down the sliding board on their knees on previous occasions. Plaintiff said that he knew that the water under the slide was shallow but could not estimate how shallow. Plaintiff acknowledged that he knew that it would hurt if he hit his head on the bottom of the swimming area. Plaintiff stated that a few years ago another person had gone down the sliding board and hit her head on the bottom of the lake. She had gone down the slide in a different manner than plaintiff. Her injury required stitches.

The sliding board had been in place at Lake Montonia Club for 40 years, and neither the president of the Club nor its manager were aware of any other injury involving the sliding board. The slide was made of metal and was located in a shallow portion of the designated swimming area at Lake Montonia. The slide was 16 feet in length and reached a height of 8 feet 2 inches. The end of the slide was 3 feet from the concrete bottom of the lake. On the day of the accident the water level was approximately 1-1/2 to 2 feet deep in front of the end of the sliding board. As part of yearly maintenance, defendant usually

covered the concrete bottom below the sliding board with a 2- to 3-inch layer of sand. A sign was posted at the entrance gate of the Club complex which stated "Swim at your own risk." Defendant has no knowledge of whether the sand in the swimming area had been inspected in the time just prior to the accident.

Plaintiff also presented evidence from Kim W. Tyson, an expert on aquatic safety. Tyson conducted an on-site investigation of Lake Montonia and made the following observations and conclusions. The end of the slide was 3 feet from the concrete surface of the lake bottom. Concrete is not recommended for use under any playground equipment because of its hard, unyielding characteristics. Further, the water level in front of the slide was approximately 2 feet deep with a gradual slope downward to a wooden dock. Though the foregoing factors were discovered by Tyson's on-site investigation, plaintiff's own testimony shows that he had knowledge of the danger posed by the slide from his own use of the slide on numerous occasions in the past, and he had to be aware of the condition described by Tyson. Tyson also concluded that the water was inadequate and an unsafe depth for slide usage in the swimming area. Shallow water does not provide protection from accidental impacts with a concrete bottom. There were no signs posted with slide usage rules. The slide at Lake Montonia was designed for playground use and not intended for use in aquatic areas. The United States Department of Health, Centers for Disease Control recommends that a recreational water slide flume terminate either at a depth of at least 6 inches below the splash pool's operating water surface, or no more than 2 inches above the water surface. Splash pool depth at the end of a flume should be 3 feet. Tyson also presented other recommendations made by the U.S. Consumer Product Safety Commission, the American Red Cross and the YMCA.

Defendant's forecast of evidence discloses that plaintiff was contributorily negligent as a matter of law. Plaintiff had gone down the slide on his knees many times in the past. At age 18, plaintiff was aware that the water beneath the slide was shallow, and that if he hit his head on the bottom of the swimming area it would hurt. From the forecast of evidence before us, it appears that defendant was negligent in creating and maintaining a hazardous condition but plaintiff was aware of the potential danger and knew the risk of the activity in which he engaged. See Benjamin et al. v. Deffet Rentals, Inc., 66 Ohio St. 2d 86 (1981). The danger of striking the bottom of the swimming area when diving head first into shallow water was obvious to

plaintiff. Therefore, defendants have established the defense of contributory negligence and we affirm the ruling of the trial court.

Affirm.

Judges LEWIS and WALKER concur.