NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff v. KONSTANTIN MNATSAKANOV, LIANA MNATSAKANOV, AMIRAN MNATSAKANOV and MELISSA C. McCALISTER, Defendants

No. COA07-1004

(Filed 5 August 2008)

**1. Appeal and Error— preservation of issues—appellate rules violations—assignments of error abandoned**

Defendant's assignments of error that violated N.C. R. App. P. 28(b)(6) were not considered and were deemed abandoned.

**2. Insurance— homeowners—effective date of restriction— dog bite**

The trial court erred by entering summary judgment for plaintiff insurance company because a genuine issue of material fact existed as to whether a restriction of coverage for a homeowners policy for any occurrence caused by insured's dog became effective on the date the restriction was signed by the insured or on the date of the policy's renewal and thus whether the policy covered a claim under the homeowners policy for a dog bite that occurred after the restriction was signed but before the renewal date.

Appeal by defendant from order entered 2 May 2007 by Judge Linwood O. Foust in Mecklenberg County Superior Court. Heard in the Court of Appeals 20 February 2008.

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by Rex C. Morgan, for plaintiff*-appellee.

*Price, Smith, Hargett, Petho & Anderson, by Wm. Benjamin Smith, for defendant-appellant.*

BRYANT, Judge.

Defendants Konstantin Mnatsakanov, Liana Mnatsakanov, Amiran Mnatsakanov, and Melissa McCalister appeal from an order granting summary judgment for Nationwide Mutual Fire Insurance Company. For the reasons stated herein, we reverse and remand this case to the trial court.

On 15 July 2005, Konstantin Mnatsakanov received a letter from Nationwide notifying him that his Homeowner's Policy would not renew on 31 October 2005 because he had a Rottweiler dog on the premises. On 15 July 2005, Konstantin Mnatsakanov met with Nationwide agent Gary Griffith and requested that his policy not be cancelled on 31 October 2005 but that it be renewed. After contacting Nationwide Underwriting, Griffith advised Konstantin that the policy would be renewed if Konstantin agreed to a restriction of coverage for any occurrence caused by his dog as set forth on the "Restriction of Individual Policies" (Endorsement H-7030A). Konstantin agreed to the restriction. Both he and Griffith signed the "Restriction of Individual Policies" on 15 July 2005. The "Restriction of Individual Policies," (H-7030-A) exempted from coverage any claim brought against the insured "caused by any animal, owned or in the care of the insured." However, the restriction did not state an effective date.

Melissa McCalister filed a claim for personal injuries that occurred 13 October 2005 when she was bitten by a dog owned by the Mnatsakanovs. The Mnatsakanovs requested coverage under the Nationwide policy for the claim asserted by McCalister. Nationwide filed a Declaratory Judgment action naming the Mnatsakanovs and McCalister as defendants and asking the trial court to determine if the insurance policy covered McCalister's claim. Nationwide thereafter moved for summary judgment asking the trial court to find as a matter of law that the policy excluded coverage for the dog bite injury suffered by McCalister on the Mnatsakanov's property.

The trial court found that the effective date of the "Restriction of Individual Policies" was 15 July 2005, the date it was signed by Nationwide Policyholder Konstantin Mnatsakanov and Nationwide agent Gary Griffith. The trial court found that in exchange for agreeing to the restriction, Nationwide promised not to cancel the Mnatsakanov's policy on 31 October 2005 but renew the Policy for another year. The trial court found that Nationwide's agreement to not cancel the Mnatsakanov's policy on 31 October 2005 and renew

the policy for another year constituted adequate consideration for the Restriction of Individual Policies signed by Mr. Mnatsakanov and Nationwide Agent Griffith.

Based on those findings, the trial court concluded that the effective date of the modification of the Nationwide Policy as set forth in the "Restriction of Individual Policies" was 15 July 2005; the renewal of the policy from 31 October 2005 through 31 October 2006 constituted adequate consideration for the 15 July 2005 modification of the policy; and the language set forth in the "Restriction of Individual Policies" effectively excluded any liability coverage or medical payments coverage for injuries sustained by McCalister. On these grounds, the trial court granted summary judgment in favor of Nationwide.

Konstantin Mnatsakanov, Liana Mnatsakanov, Amiran Mnatsakanov and Melissa McCalister (collectively "defendants") appealed.

_____

Defendants present six issues on appeal: whether the trial court committed reversible error by (I) granting summary judgment for Nationwide; (II) finding as fact that the effective date of the endorsement of the "Restriction of Individual Policies" was 15 July 2005; (III) finding as fact that Nationwide agreed not to cancel the Mnatsakanov's policy in exchange for signing the restriction on 15 July 2005; (IV) finding that no coverage existed for Melissa McCalister's injury claim; (V) concluding that the effective date of the restriction on the policy was 15 July 2005; and (VI) finding that the renewal of the policy was consideration for restricting the policy on the date it was signed.

[1] Because the dispositive issue is whether there was a genuine issue of material fact as to the effective date of the endorsement of the "Restriction of Individual Policies," and because many of defendant's other issues violate our appellate rules, we do not reach those other issues. See N.C.R. App. P. 28(b)(6) (2007) ("assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, are deemed abandoned").

## Standard of Review

Where a motion for summary judgment has been granted, the two critical questions on appeal are whether, on the basis of the materials presented to the trial court, (1) there is no genuine issue of material

fact, and (2) the moving party is entitled to judgment as a matter of law. *North River Ins. Co. v. Young*, 117 N.C. App. 663, 667, 453 S.E.2d 205, 208 (1995).

> An issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail.

*Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). Moreover, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "Review of summary judgment on appeal is necessarily limited to whether the trial court's conclusion as to these questions of laws were correct ones." *Young*, 117 N.C. App. at 667, 453 S.E.2d at 208. Hence, the standard of review of an order granting summary judgment is de novo. *Diggs v. Novant Health, Inc.*, 177 N.C. App. 290, 294, 628 S.E.2d 851, 855 (2006).

---

[2] Defendants argue the trial court erred by finding and concluding that the effective date of the "Restriction of Individual Policies" was 15 July 2005. We agree.

"The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Gould Morris Elec. Co. v. Atlantic Fire Ins. Co.*, 229 N.C. 518, 520, 50 S.E.2d 295, 297 (1948). "It is essential to the formation of any contract that there be mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds." *Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 911-12 (1998). "This rule of contract law is founded on the proposition that there can be no contract without a meeting of the minds." *Cunningham v. Brown*, 51 N.C. App. 264, 270, 276 S.E.2d 718, 723 (1981). "Whether mutual assent is established and whether a contract was intended between parties are questions for the trier of fact." *Creech*, 347 N.C. at 527, 495 S.E.2d at 911.

In the instant case, defendants contend that the "Restriction of Individual Policies" was written to apply beginning on 31 October 2005, the renewal date of the policy. There was no indication on the "Restriction of Individual Policies" form as to when the exclusion would take effect. Nationwide agent Griffith testified in his deposi-

tion that "the practice of Nationwide would be to send a letter to the insured letting him know that his coverage is continued." Griffith stated he knew Nationwide had the ability to non-renew a policy, but not whether they had the right to cancel the policy immediately. When asked if there was any correspondence regarding renewal of coverage, he said, "renewal notices may or may not be in the file [for the Mnatsakanovs]." Agent Griffith also testified that he "could not answer for Nationwide if it was a requirement that the exclusion take effect in July for a renewal date in October."

To the contrary, Nationwide argues that the "Restriction of Individual Policies" was effective on 15 July 2005, the day Konstantin Mnatsakanov signed the exclusion. Nationwide argues Konstantin Mnatsakanov understood verbally and in writing, that the agreement was effective immediately. In his deposition, Agent Griffith testified that "it was explained to Mr. Mnatsakanov that effective immediately, 15 July 2005, there is no coverage for the dog, and he verbally expressed that he understood." Moreover, Griffith testified that "Konstantin Mnatsakanov was informed by the underwriter while he was in the office that if he was willing to sign an endorsement provided by Nationwide, which he understood completely, there would be no coverage with his signature for any liability involving the dog." In summary, Nationwide argues that Griffith's testimony provided that the exclusion signed 15 July 2005 was effective immediately because "the dog was a danger to society; [to] families living around the Mnatsakanovs; the sooner that Konstantin understood what would be covered and not covered, the better he understood it took place immediately."

Because the "Restriction of Individual Policies" excluded any liability for a claim or suit brought against an insured for any occurrence involving a dog and its effective date bears upon the determination that the Mnatsakanov's Nationwide insurance policy covers damages for the dog bite injury to McCalister, we believe a genuine issue of material fact exists as to when the "Restriction of Individual Policies" was effective. Accordingly, we reverse the trial court's grant of summary judgment and remand for further proceedings.

Reversed and remanded.

Judges HUNTER and JACKSON concur.