JOHN WALTER KELLY, ADMINISTRATOR OF THE ESTATE OF ETHEL FAYE INGRAM, PLAINTIFF v. REGENCY CENTERS CORPORATION, BY AND THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY, DEFENDANT

No. COA09-715

(Filed 6 April 2010)

**Premises Liability— contributory negligence—known danger**

The trial court did not err in a slip and fall case by granting summary judgment in favor of defendant corporation based on its defense of contributory negligence. Both the sidewalk curb where the victim parked or the lack of a properly handicapped sanctioned route, even if either was an obvious defect or danger, were easily discoverable or likely to be known by the victim.

Appeal by plaintiff from judgment entered 15 January 2009 by Judge Howard E. Manning, Jr., in Wake County Superior Court. Heard in the Court of Appeals 4 November 2009.

*Christopher & Page, PA, by Glenn R. Page and Charles H. Christopher, for plaintiff-appellant.*

*Cranfill, Sumner, and Hartzog, LLP, by Katie Hartzog and Dan M. Hartzog, for defendant-appellee.*

HUNTER, Jr., ROBERT N., Judge.

John Walter Kelly, as Administrator of the Estate of Ethel Faye Ingram ("plaintiff"), appeals an order granting summary judgment to Regency Centers Corporation ("defendant") based on its defense of contributory negligence arising from Ethel Faye Ingram's ("Ms. Ingram") trip and fall in the parking lot of Cameron Village in Raleigh, North Carolina. After review of the record, we affirm.

## I.  FACTS

At the time of her injury on 26 March 2006, Ms. Ingram was 52 years old and since 1993 had lived with John Walter Kelly, her companion and the administrator of her estate. On that date, Ms. Ingram made a luncheon appointment with her stepmother, Agnes Watkins, and an acquaintance to dine at the K&W Cafeteria at Cameron Village. At the time of her injuries, Ms. Ingram qualified for handicapped parking status; however, when plaintiff arrived at Cameron Village, she parked in one of the non-handicapped parking spaces closest to the K&W Cafeteria entrance. After exiting the car, plaintiff alleges that Ms. Ingram fell somewhere between the car and the cafeteria while stepping over the curb to walk on the sidewalk. Ms. Ingram landed on her left side, fracturing her left hip and lacerating her left elbow.

Wake County EMS was called to the scene and their medical records indicate that "[Ms. Ingram] [s]tates she was stepping up to the curb and fell to the ground landing on her L hip and L arm." Ms. Ingram was taken to the Rex Healthcare Emergency Room, where Dr. Kenton R. Cook recorded the following entry:

> [S]he has had chronic lower extremity weakness for the past month and a half to two months, presumably from neuropathy but she has not really been told why. She was walking to meet her stepmother at the K&W cafeteria today when she went to step up on a curb, lost her balance and fell, landing on her left hip.

Two other nurses at Rex Healthcare made similar entries in their medical records that Ms. Ingram "could not lift her leg" and "lost her balance." Plaintiff testified that he had no other evidence to support his contention that Ms. Ingram tripped on the curb.

Prior to the accident, Ms. Ingram qualified for handicapped parking status based in part on medical problems she suffered, two of which are relevant to this case: end-stage renal disease and diabetic

neuropathy which cause complete, permanent numbness in her feet. Prior to the accident, Ms. Ingram had ambulatory therapy using a walker and was assisted by her companion around the house. According to an affidavit of Debra Poole, a close friend of Ms. Ingram, Ms. Ingram was able to walk unassisted despite her medical challenges on 11 March 2006, two weeks before the accident. At the precise time of her injury, she was able to walk unassisted.

Ms. Ingram died on 11 December 2006 from cardiac arrhythmia secondary to GI hemorrhage with acute bronchopneumonia. Her direct testimony was not preserved by deposition or otherwise. After her death, Ms. Ingram's administrator filed a complaint for damages alleging: (1) Regency failed in its duty to properly operate and maintain the sidewalk outside the K&W Cafeteria; (2) failure to eliminate hazards posed by a raised sidewalk; (3) failure to inspect the premises properly and effectively; and (4) failure to keep the sidewalk in compliance with the North Carolina Accessibility Code of the N.C. State Building Code ("ACA") and the Americans with Disabilities Act ("ADA"). In its answer, Regency alleged contributory negligence, along with other defenses, as a bar to any recovery. Both parties filed cross motions for partial summary judgment on the issue of contributory negligence. The trial court granted Regency's motion for summary judgment and dismissed the complaint. Plaintiff appeals from the trial court's order.

## II. JURISDICTION and STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from final judgments pursuant to N.C. Gen. Stat. § 7A-27(b) (2009). The standard of review of an order granting summary judgment is *de novo*. *Nationwide Mut. Fire Ins. Co. v. Mnatsakanov*, 191 N.C. App. 802, 804, 664 S.E.2d 13, 15 (2008). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. R. Civ. P. 56(c). "It is not the purpose of the rule to resolve disputed material issues of fact but rather to determine if such issues exist." N.C. R. Civ. P. 56 cmt. (2000). The burden of showing a lack of triable issues of fact falls upon the moving party. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent, (2) that discovery indicates the non-moving party cannot produce evidence to support an essential element of his claim, or (3) that an affirmative

defense would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Once this burden has been met, the non-moving party must produce a forecast of evidence demonstrating that it will be able to make out at least a *prima facie* case at trial. *Id.* In determining whether that burden has been met, the court "must view all the evidence in the light most favorable to the non-movant, accepting all its asserted facts as true, and drawing all reasonable inferences in its favor." *Lilley v. Blue Ridge Electric Membership Corp.*, 133 N.C. App. 256, 258, 515 S.E.2d 483, 485 (1999). The Court must exercise caution in granting a motion for summary judgment. *Bank v. Gillespie*, 291 N.C. 303, 310, 230 S.E.2d 375, 379 (1976).

## III. ANALYSIS

In his brief, plaintiff contends the following: (1) that Regency was *per se* negligent when it failed, according to the requirements of the ACA and the ADA, to create an accessible route from the parking lot to the entrance of the K&W Cafeteria for handicapped persons to use; (2) that Ms. Ingram parked in a space, both closest to the restaurant and 200 feet from the entrance thereto of the restaurant; (3) that the law required defendant to create an accessible route; and (4) defendant had agreed to create an accessible route in 2004, but did not fulfill its agreement until after Ms. Ingram's injury.

Moreover, plaintiff maintains that Ms. Ingram, at the time of her fall, was not required to use any type of assistive device to ambulate, and thus was reasonable in physically attempting to enter the facility. Without examining whether Ms. Ingram required assistance in detail, we assume for purposes of our analysis that her contention is an accurate forecast of the evidence that plaintiff would present at trial.

We begin our analysis by noting that summary judgment is "rarely appropriate" in the context of negligence; "the trial court will grant summary judgment . . . where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury." *Diorio v. Penny*, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991), *aff'd*, 331 N.C. 726, 417 S.E.2d 457 (1992). "In a case dealing with a plaintiff's injury from slipping and falling '[t]he basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety.' " *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 395, 651 S.E.2d 261, 265 (2007) (citation omitted).

KELLY v. REGENCY CTRS. CORP.

[203 N.C. App. 339 (2010)]

North Carolina landowners, such as Regency Centers Corporation, are required to exercise reasonable care to provide for the safety of all lawful visitors on their property. *Lorinovich v. K Mart Corp.*, 134 N.C. App. 158, 161, 516 S.E.2d 643, 646 (1999). Whether a landowner's care is reasonable is judged against the conduct of a reasonably prudent person under the circumstances. *Id.* There is no duty to protect a lawful visitor from dangers which are either known to him or so obvious and apparent that they may reasonably be expected to be discovered. *Id.* at 162, 516 S.E.2d at 646.

Moreover, "[w]hen a plaintiff does not discover and avoid an obvious defect, that plaintiff will usually be considered to have been contributorially negligent as a matter of law." *Price v. Jack Eckerd Corporation.*, 100 N.C. App. 732, 736, 398 S.E.2d 49, 52 (1990). "However, 'where there is "some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition,"' the general rule does not apply." *Id.* (citations omitted).

Applying the foregoing principles to the facts, we conclude that either the sidewalk curb where Ms. Ingram parked, or the lack of a properly handicapped sanctioned route, even if either was an obvious defect or danger, was easily discoverable or likely to be known by Ms. Ingram. Evidence forecast that Ms. Ingram had been a frequent patron of the K&W Cafeteria prior to the accident. It is well settled that a person is contributorily negligent if he or she knows of a dangerous condition and voluntarily goes into a place of danger. *Dunnevant v. R.R.*, 167 N.C. 232, 232, 83 S.E. 347, 348 (1914); *Gordon v. Sprott*, 231 N.C. 472, 476, 57 S.E.2d 785, 785 (1950); *Cook v. Winston-Salem*, 241 N.C. 422, 430, 85 S.E.2d 696, 701-02 (1955). In other words, "[w]hen an invitee sees an obstacle not hidden or concealed and proceeds with full knowledge and awareness, there can be no recovery." *Wyrick v. K-Mart Apparel Fashions*, 93 N.C. App. 508, 509, 378 S.E.2d 435, 436 (1989).

Furthermore, sidewalks, and the height of a curb, have been held to be so obviously a discoverable condition that the failure of a plaintiff to notice the condition and take appropriate action to avoid injury has been found by our appellate courts to be contributory negligence as a matter of law. *See, e.g., Jacobs v. Hill's Food Stores, Inc.*, 88 N.C. App. 730, 364 S.E.2d 692 (1988). In *Jacobs*, the Court affirmed the trial court's grant of summary judgment in favor of the defendant where the plaintiff tripped and fell over the curb, after failing to notice the

ten-foot long, one-foot high concrete curb while walking in defendant Food Store Inc.'s parking lot. *Id.* at 731, 364 S.E.2d at 693. In that case, plaintiff testified that she never saw or noticed the curb. *Id.* The Court in *Jacobs* held that the defendant had no special duty to warn plaintiff of the curb because it was an open and obvious condition clearly observable. *Id.* at 733, 364 S.E.2d at 694.

A landowner need not warn of any "apparent hazards or circumstances of which the invitee has equal or superior knowledge." *Jenkins v. Lake Montonia Club*, 125 N.C. App. 102, 105, 479 S.E.2d 259, 262 (1997). Rather, "[a] reasonable person should be observant to avoid injury from a known and obvious danger." *Farrelly v. Hamilton Square*, 119 N.C. App. 541, 546, 459 S.E.2d 23, 27 (1995).

In the present case, plaintiff presented no evidence that the curb or route to the entrance was obstructed or hidden in any way, or that her attention was diverted by a condition on the premises. As a result, we conclude that there is no evidence forecast under which plaintiff could overcome the defense of contributory negligence.

## IV. CONCLUSION

The evidence is uncontroverted that the curb, sidewalk, and route to the entrance were all open and obvious conditions likely to be known to plaintiff. Plaintiff's failure to notice these conditions was a proximate cause of her injuries. Accordingly, we affirm the trial court's grant of partial summary judgment in favor of defendant based on plaintiff's contributory negligence.

Affirmed.

Judges ELMORE and STEELMAN concur.