IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-887

 Filed: 7 May 2019

Harnett County, No. 17 CVS 1625

MILTON DRAUGHON, SR., Plaintiff,

 v.

EVENING STAR HOLINESS CHURCH OF DUNN, Defendant/Third-Party
Plaintiff,

 v.

DAFFORD FUNERAL HOME, INC., Third-Party Defendant.

 Appeal by Plaintiff from order entered 4 June 2018 by Judge Beecher R. Gray

in Harnett County Superior Court. Heard in the Court of Appeals 13 February 2019.

 Brent Adams & Associates, by Gregory A. Posch and Brenton D. Adams, for
 Plaintiff-Appellant.

 Yates, McLamb & Weyher, by Sean T. Partrick and John W. Graebe, for
 Defendant/Third-Party Plaintiff-Appellee.

 No brief filed by Third-Party Defendant.

 INMAN, Judge.

 Plaintiff Milton Draughon, Sr., (“Plaintiff”) appeals from an order granting

summary judgment in favor of Defendant/Third-Party Plaintiff Evening Star

Holiness Church of Dunn (the “Church”) on Plaintiff’s negligence claims. Plaintiff

argues that summary judgment was improper, asserting a genuine issue of material
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

fact existed as to: (1) the presence of a legal duty owed to him by the Church; and (2)

his contributory negligence in falling on a set of stairs leading into the Church while

carrying a casket. After careful review, we reverse the ruling of the trial court.

 I. FACTUAL AND PROCEDURAL HISTORY

 The record below indicates the following:

 Plaintiff attended a funeral at the Church, located at Sampson Avenue in

Dunn, North Carolina, on a sunny day in February of 2015. Before the service

started, Plaintiff entered the Church sanctuary through an entrance facing Sampson

Avenue. As Plaintiff and a church deacon were speaking, the minister who would be

conducting the service approached and asked Plaintiff if he would be willing to help

carry the deceased’s casket into the sanctuary. Plaintiff declined. Some time later,

an employee of the funeral home, Third-Party Defendant Dafford Funeral Home, Inc.

(“Dafford”),1 asked Plaintiff to help carry the casket. Plaintiff reconsidered and

agreed to help, as he felt physically capable of assisting and Dafford did not have

enough employees on hand to carry the casket into the building.

 Plaintiff followed the Dafford employee out of the sanctuary through a door

facing U.S. Route 421, different than the door Plaintiff had entered earlier, and

descended a set of concrete and brick stairs. Once outside, Plaintiff walked

approximately 25 to 30 feet to the hearse containing the casket. Plaintiff joined three

 1 Counsel for Dafford has not entered an appearance in this appeal, so we limit our discussion
of Dafford to the factual and procedural history.

 -2-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

other men at the hearse, and the group carried the casket, without any apparent

difficulty, to the bottom of the stairs Plaintiff had navigated moments earlier. They

then began ascending the stairs, unhindered by the casket. Before reaching the

entryway, Plaintiff, who was positioned on the front left side of the casket, tripped on

the top step and injured his knees. The top step was approximately two-and-a-half

inches taller than the preceding steps.

 Plaintiff filed suit against the Church on 22 August 2017, alleging negligence,

negligence per se, and res ipsa loquitur arising out of the stair’s defective and

dangerous condition, i.e., the difference in height between the top step and the ones

below it. In response, the Church filed a combined answer and third-party complaint

against Dafford for contribution and indemnification, asserting by affirmative

defense that Plaintiff was contributorily negligent in failing to use reasonable care.

Plaintiff, with leave of the trial court, filed an amended complaint on 5 March 2018.

 The Church moved for summary judgment on Plaintiff’s claims. The Church’s

motion argued, among other things, that Plaintiff possessed equal or superior

knowledge of the alleged defective condition, having descended the stairs without

issue moments before tripping. Plaintiff filed an affidavit in opposition; he also filed

an affidavit from an engineering expert attesting to the defect in the stairs. Following

a hearing, the trial court granted the Church’s summary judgment motion on the

 -3-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

grounds that Plaintiff had equal or superior knowledge of the open and obvious

hazard and failed to exercise due care in navigating the steps. Plaintiff appeals.

 II. ANALYSIS

 Plaintiff argues that because he introduced sufficient evidence demonstrating

genuine issues of material fact, his negligence claim should have survived summary

judgment. The Church disagrees, asserting that: (1) Plaintiff had equal or superior

knowledge of the alleged defect so the Church did not owe him a duty of care; and (2)

Plaintiff’s contributory negligence caused him to trip. Reviewing the evidence and

applicable law, we agree with Plaintiff and reverse the trial court.

A. Standard of Review

 “[The] standard of review of an appeal from summary judgment is de novo.” In

re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). The party moving for

summary judgment holds the burden of showing “there is no genuine issue of fact

remaining for determination and that he is entitled to judgment as a matter of law.”

First Fed. Sav. & Loan Ass’n v. Branch Banking & Trust Co., 282 N.C. 44, 51, 191

S.E.2d 683, 688 (1972) (citation omitted). We must construe the evidence introduced

at summary judgment “in the light most favorable to the non-moving party and with

the benefit of all reasonable inferences.” Jenkins v. Lake Montonia Club, Inc., 125

N.C. App. 102, 104, 479 S.E.2d 259, 261 (1997).

 -4-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

 “Summary judgment is rarely appropriate in negligence cases, even when

there is no dispute as to the facts, because the issue of whether a party acted in

conformity with the reasonable person standard is ordinarily an issue to be

determined by a jury.” Surrette v. Duke Power Co., 78 N.C. App. 647, 650, 388 S.E.2d

129, 131 (1986) (citation omitted). “Issues of contributory negligence, like those of

ordinary negligence are rarely appropriate for summary judgment. Only where

plaintiff’s own negligence discloses contributory negligence so clearly that no other

reasonable conclusion may be reached is summary judgment to be granted.” Jenkins,

125 N.C. App. at 104, 479 S.E.2d at 261 (citations omitted).

B. Duty to Warn

 The parties dispute whether Plaintiff’s evidence discloses a duty owed to him

by the Church. Landowners “have a duty to exercise reasonable care in the

maintenance of their premises for the protection of lawful visitors.” Bolick v. Bon

Worth, Inc., 150 N.C. App. 428, 430, 562 S.E.2d 602, 604 (2002) (citing Barber v.

Presbyterian Hosp., 147 N.C. App. 86, 89, 555 S.E.2d 303, 306 (2001)). This

“reasonable care” requires landowners to “warn[ a lawful visitor] of hidden conditions

and dangers of which the landowner has express or implied notice.” Barber, 147 N.C.

App. at 89, 555 S.E.2d at 306. That said, “a landowner need not warn of any ‘apparent

hazards or circumstances of which the invitee has equal or superior knowledge.’ ”

 -5-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

Von Viczay v. Thoms, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000) (quoting

Jenkins, 125 N.C. App. at 105, 479 S.E.2d at 262).

 The Church argues that Plaintiff had equal or superior knowledge of the stairs’

condition because he had descended them without issue before later tripping on

ascent, noting that this Court has upheld entry of summary judgment on premises

liability claims where the plaintiffs had previously avoided or successfully navigated

the hazards that later caused injury. Bolick, 150 N.C. App. at 429, 562 S.E.2d at 603;

Von Viczay, 140 N.C. App. at 740, 538 S.E.2d at 631. Those cases are distinguishable.

 In Bolick, a customer asked to use a store’s bathroom. 150 N.C. App. at 428-

29, 562 S.E.2d at 603. A store employee directed the customer to several steps leading

to a slightly raised bathroom door. Id. The customer successfully traversed the

stairs, which were lit by several light sources, and used the bathroom. Id. at 429, 562

S.E.2d at 603. When she exited, the customer fell down the stairs and injured herself;

she later filed suit, averring that the step-down from the bathroom door constituted

a hazardous condition. Id. On these facts, we held that summary judgment for the

defendant store was proper, as “plaintiff had full knowledge of the condition of the

doorway to the bathroom by virtue of having safely negotiated her way inside the

bathroom moments before she fell.” Id. at 431, 562 S.E.2d at 604.

 Similarly, in Von Viczay, the plaintiff walked down an icy path to the front

door of a home to attend a party. 140 N.C. App. at 737-78, 538 S.E.2d at 630. The

 -6-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

plaintiff was able to observe the ice and snow that covered the ground and walkway,

as they were well lit. Id. When the plaintiff later exited the home, she slipped and

fell on the ice; because the plaintiff had seen the ice and already successfully

navigated the hazardous condition once before, we held she had failed to demonstrate

the defendant owed her any duty. Id. at 740, 538 S.E.2d at 632.

 Unlike the plaintiffs in Bolick and Von Viczay, Plaintiff has introduced

evidence that he did not have knowledge of the hazardous condition caused by the

irregular height of the top step despite descending the stairs just moments earlier.

In his affidavit, Plaintiff stated that this defect could not “be perceived by the naked

eye at a reasonable distance while climbing those stairs . . . [or] while walking down

the stairs or while walking up the stairs.” By contrast, in Bolick and Von Viczay it

was undisputed that the hazards were known to the plaintiffs. Bolick, 150 N.C. App.

at 431, 562 S.E.2d at 604; Von Viczay 140 N.C. App. at 737-78, 538 S.E.2d at 630.

Those decisions, therefore, are inapplicable to the situation, presented here, in which

a plaintiff introduces evidence showing he was unaware of and unable to discern the

hazardous condition despite prior exposure. As a result, we hold that there exists a

genuine issue of material fact as to whether Plaintiff had equal or superior knowledge

of the hazard at issue, and summary judgment on this ground was improper.

 Having held that a genuine issue of material fact exists concerning Plaintiff’s

knowledge of the hazard, we believe this case is more similar to Lamm v. Bissette

 -7-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

Realty, Inc., 327 N.C. 412, 395 S.E.2d 112 (1990), than the precedents cited by the

Church. In Lamm, the plaintiff exited a building by descending a set of steps that

terminated in an asphalt ramp leading to a parking lot. Id. at 414, 395 S.E.2d at 114.

The top two steps were six and one-half inches high; the final step, because of the

manner in which the ramp was constructed, had “the effective height of . . . eight and

one-half inches.” Id. The plaintiff slipped and fell as she was stepping off the bottom

step and later brought suit to recover for her injuries. Id. at 414-15, 395 S.E.2d at

114. The trial court entered summary judgment for the defendants and we reversed;

on appeal to the Supreme Court, our decision was modified and affirmed. Id. at 418,

395 S.E.2d at 116. In its opinion, the Supreme Court determined from the plaintiff’s

evidence that:

 [T]he fact that the last step down is some two inches deeper
 than the other two steps, partly as a result of this sloping,
 is not so obvious to someone descending the stairs. The
 combination of the slope and the variation of the height
 cannot be said as a matter of law to be an open and obvious
 defect of which plaintiff . . . should have been aware.

Id. at 416-17, 395 S.E.2d at 115. Summary judgment was therefore improper, as “[a]

jury could find that this variation in riser height, in part caused by the slope of the

asphalt, was a hidden defect which defendants should have known about and that

defendants had a duty to warn plaintiff[.]” Id. at 417, 395 S.E.2d at 115.

 The Church argues that Lamm is inapposite, asserting it: (1) involved a

plaintiff with no prior experience with the hazard, and therefore does not concern a

 -8-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

plaintiff with equal or superior knowledge; and (2) addresses hidden, and not open

and obvious, defects. These arguments are misplaced. First, as set forth supra, there

exists a genuine issue of material fact as to Plaintiff’s knowledge of the hazard at

issue.2 Second, as set forth infra, Plaintiff’s forecast of the evidence discloses a

genuine issue of fact concerning whether the defect was hidden or open and obvious,

just as in Lamm.

 Plaintiff’s affidavit states that the defect in question—the variation in height

between the top step and the preceding ones—was not observable from a reasonable

distance or while descending or ascending the stairs. Taken in the light most

favorable to him, this evidence creates a disputed issue of material fact concerning

whether the defect was hidden or open and obvious. The same evidence creates a

disputed factual issue regarding whether Plaintiff had equal or superior knowledge

of the danger after descending the stairs and while approaching with the casket.

These factual disputes preclude a decision as a matter of law that the Church did not

owe Plaintiff a duty to warn of the alleged defect.

 As noted by the dissent, the Church points out that Plaintiff testified at his

deposition that he tripped on both the top of the fourth step and the brick riser of the

 2 As a factual matter, the Church appears to be incorrect in claiming the plaintiff in Lamm
had never before traversed the steps on which she was injured. Lamm v. Bissette Realty, 94 N.C. App.
145, 148-49, 379 S.E.2d 719, 722 (1989) (Lewis, J., dissenting) (“The evidence also shows that plaintiff
had walked up and down the same place approximately 30 days earlier and again only 15 minutes
before she fell.”).

 -9-
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

top step; he also acknowledged he made contact with the top of the fourth step first.

But Plaintiff also testified that “I tripped on the top step and fell into the church.”

This testimony concerning the cause of Plaintiff’s fall and the role of the fourth step

and defective top riser in it raises a factual question for the jury to resolve.

 In Lamm, the defendants attempted a similar argument, “contend[ing] that

plaintiff’s forecast of evidence shows only that the sloping of the asphalt ramp and

not the riser height was the cause of her accident, and therefore the accident was

caused by an open and obvious condition of which defendants had no duty to warn

plaintiff.” Lamm, 327 N.C. at 417, 395 S.E.2d at 115-16. Our Supreme Court

reasoned that “[w]hile in her deposition plaintiff kept referring to the ‘slope’ as the

cause of her fall, plaintiff never denied that the variation in the riser height

contributed to her fall. This ostensible conflict regarding causation is not properly

settled by summary judgment; it is a question for the jury.” Id. at 417, 395 S.E.2d at

116.

 Consistent with Lamm, we hold that summary judgment was improper and

that a jury should have the opportunity to resolve the factual questions discussed

above. See also Kiser v. Snyder, 17 N.C. App. 445, 450, 194 S.E.2d 638, 641 (1973)

(holding that when the plaintiff’s own evidence presented conflicts internal to both

his deposition and affidavits concerning negligence, contributory negligence, and

damages, summary judgment was improper).

 - 10 -
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

C. Contributory Negligence

 The Church argues an alternative basis for affirming the trial court’s order,

asserting that “Plaintiff was contributorily negligent because he walked into a danger

that was open and obvious.” Having held that there is a genuine issue of material

fact concerning the openness and obviousness of the hazard at issue, we need not

address this argument. The Church also asserts that, even if the defect was hidden,

Plaintiff was contributorily negligent in electing to use the stairs rather than taking

an adjacent ramp. The cases cited by the Church for this proposition, however, are

not applicable here.

 The Church first sites Kelly v. Regency Centers Corp., 203 N.C. App. 339, 691

S.E.2d 92 (2010), in which this Court held a plaintiff was contributorily negligent as

a matter of law in failing to avoid an openly and obviously dangerous condition. 203

N.C. App. at 343-44, 691 S.E.2d at 95-96. In the present case, and as detailed supra,

the openness and obviousness of the defect that led to Plaintiff’s injury is an issue of

fact raised by the evidence; as a result, Kelly’s holding is of no import. In the other

case cited by the Church, Dunnevant v. Southern Railway Co., 167 N.C. 232, 83 S.E.

347 (1914),3 our Supreme Court held that a plaintiff was contributorily negligent

when he elected to leave a train platform via a darkened set of stairs he knew to be

dangerous rather than descending a well-lit alternative available and known to him.

 3 This decision was reprinted in 1953 at 167 N.C. 272.

 - 11 -
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

167 N.C. at 233, 83 S.E. at 348. The Supreme Court premised its holding on the

maxim that “[i]f two ways are open to a person to use, one safe and the other

dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes

contributory negligence.” Id. (citations omitted) (emphasis added). Here, Plaintiff

introduced evidence showing he did not have knowledge of the defect that he contends

led to his injury and that the defect was undiscoverable by the means available to

him at the time; as a result, Dunnevant is distinguishable.

 Notwithstanding these differences, the Church contends that no reasonably

prudent person would elect to carry a casket by hand up the stairs under the

circumstances faced by Plaintiff independent of his subjective knowledge of any

danger. See, e.g., Smith v. Fiber Controls Corp., 300 N.C. 669, 673, 268 S.E.2d 504,

507 (1980) (noting a plaintiff “may be contributorily negligent if his conduct ignores

unreasonable risks or dangers which would have been apparent to a prudent person

exercising ordinary care for his own safety” (citation omitted)). However, under this

rule, “[t]he standard of care required differs with the exigencies of the situation.”

O’Neal v. Kellett, 55 N.C. App. 225, 229, 284 S.E.2d 707, 710 (1981) (citation omitted).

 The Church asserts Plaintiff was contributorily negligent in: (1) failing to use

a nearby ramp; (2) failing to ask for additional assistance in carrying the casket or

suggesting the use of a trolley; and (3) ascending the stairs sideways while carrying

the casket. These conclusory assertions of fact, however, are disputed by Plaintiff’s

 - 12 -
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

evidence. Plaintiff’s deposition testimony and affidavit assert that the danger in this

case was not the act of carrying a casket up a flight of stairs, but was instead a

hazardous difference in height between the top step and the ones below it; indeed,

Plaintiff stated in his affidavit that his “fall occurred solely because [he] tripped on

the top stair of the staircase” and expressly disclaimed any effect the casket had on

his ability to climb the steps. He also testified in deposition that he had no concerns

carrying the casket with just four people and reiterated in his affidavit that he is “a

strong man and had no difficulty lifting the casket or carrying the casket[.]” Nor, per

his affidavit, did he have a “reason to think that four strong adults could not safely

carry a casket up a flight of stairs.” As for the danger itself, Plaintiff’s affidavit states

that “the defect in the stairs . . . cannot be perceived by the naked eye at a reasonable

distance while climbing those stairs” or “while walking down . . . or . . . up the

stairs[,]” and he testified at deposition that he “didn’t recognize” the defect at the time

he descended the steps.

 Taking this evidence in the light most favorable to Plaintiff, a reasonable and

prudent person would not know to take any precautions against this apparently

imperceptible danger, whether carrying a casket or not. Thus, that same reasonable

and prudent person would not believe taking the adjacent ramp to be necessary, nor

feel the need to seek additional help or use a trolley, and we do not believe that

carrying a casket up the church steps into the sanctuary for a funeral is an

 - 13 -
 DRAUGHON V. EVENING STAR HOLINESS CHURCH OF DUNN

 Opinion of the Court

indisputably negligent act. Cf. O’Neal, 55 N.C. App. at 228-29, 284 S.E.2d at 710

(“When she was injured, plaintiff was where she had a privilege to be: using a common

area of defendants’ premises intended for use by defendants’ tenants. Under these

circumstances, it cannot be said as a matter of law that plaintiff was required to avoid

the use of the stairs or to use them at her peril, or that she was required to use an

alternate route.” (citations omitted)). So we cannot conclude that, as a matter of law,

Plaintiff was contributorily negligent in electing to utilize the apparently safe stairs

rather than taking the casket up the adjacent ramp. Nor can we conclude he was

contributorily negligent as a matter of law in traversing the stairs side-step with a

casket in hand or in relying on three other “strong men” to assist him where Plaintiff’s

evidence, taken in the light most favorable to him, demonstrates no additional help

was needed to carry the casket.

 III. CONCLUSION

 For the foregoing reasons, we reverse the trial court’s entry of summary

judgment for the Church and remand for further proceedings.

 REVERSED AND REMANDED.

 Judge COLLINS concurs.

 Judge DILLON dissents by separate opinion.

 - 14 -
 No. COA18-887 – Draughon v. Evening Star Holiness Church of Dunn

 DILLON, Judge, dissenting.

 I believe that the evidence establishes, as a matter of law, that Plaintiff was

contributorily negligent when he tripped walking up steps leading from the sidewalk

into the Church building. Specifically, the evidence conclusively establishes that

Plaintiff began his fall when he tripped over a step which was properly constructed.

And, the evidence also conclusively establishes that Plaintiff was negligent as he

stumbled over the next step whose defective design was obvious. I believe that Judge

Gray ruled correctly and, therefore, I dissent.

 Here, Plaintiff’s own expert described the stairs essentially as follows: There

are five concrete steps leading from the sidewalk to the Church’s entry door. But

there is also a rise from the top (fifth) concrete step into the Church building itself.

The rises between the five concrete steps (that is, between the first and second, the

second and third, the third and fourth, and the fourth and fifth) are all concrete and

are uniform in height, about 6.5 inches each. However, the rise between the fifth

concrete step and the interior of the Church building, composed of mostly red brick

(part of the Church building) and a white-painted, wooden threshold, is over 10.5

inches.

 I agree with the majority that Plaintiff’s evidence is sufficient to reach the jury

on the question of whether the Church’s negligence was a proximate cause of

Plaintiff’s fall; Plaintiff stated that he tripped as he was stepping from the top

concrete step into the Church building; Section 1115.3(b) of the our State Building
 DRAUGHON V. EVENING STAR HOLINESS CHURCH

 DILLON, J., dissenting

Code requires that “risers [shall be] of uniform height in any one flight of stairs[;]”

and our Supreme Court has indicated that a violation of the Building Code may

constitute negligence per se. Lamm v. Bissette Realty, Inc., 327 N.C. 412, 415, 395

S.E.2d 112, 114 (1990); see Pasour v. Pierce, 76 N.C. App. 364, 368, 333 S.E.2d 314,

317 (1985) (“[A] violation of the Building Code in North Carolina is negligence per

se.”).

 But I also conclude that the evidence establishes, as a matter of law, that

Plaintiff’s own negligence, too, was a proximate cause in his fall and subsequent

injury. Specifically, Plaintiff admitted in his deposition that he began his fall when

he tripped as he was stepping from the fourth concrete step to the fifth concrete step,

before attempting to make the last step into the Church building:

 Q: Are you tripping on concrete or brick?

 A: Both of them, really.

 Q: Which one do you trip on first?

 A: Well, it would have to be that one first because it comes first.

 Q: Which one? The concrete?

 A: Yeah, it would have to be that.

 Q: Would it be the front of the concrete you trip on, that step of
 concrete?

 A: No, it would have been the front of it.

 2
 DRAUGHON V. EVENING STAR HOLINESS CHURCH

 DILLON, J., dissenting

(Emphasis added.) Through this testimony, Plaintiff clearly states that he first

tripped on the top of the concrete rise between the fourth and fifth step. Any doubt

as to what Plaintiff was saying was cleared up with his response to the following

question, which clearly assumes that Plaintiff began tripping as he was stepping on

the fifth concrete step:

 Q: From the area you started tripping, which you say [is]
 the front of this concrete step, would you draw a line from
 that point over to this part of the picture and put a 1 on it.

Plaintiff then marked on a photo of the steps that he began tripping on the top front

corner of the fifth concrete step; he did not initially trip on the 10.5 inch rise from the

fifth step into the Church building. This picture marked by Plaintiff was before Judge

Gray and is part of the record on appeal. And Plaintiff’s own evidence, through the

affidavit of his expert, is uncontradicted that this step between the fourth and fifth

concrete step was not in violation of the Building Code, as it was uniform with the

other steps that Plaintiff had just ascended.

 I am guided by our Supreme Court that “if [a] step is properly constructed and

well lighted so that it can be seen by one entering or leaving the [building], by the

exercise of reasonable care, then there is no liability.” Garner v. Atlantic Greyhound

Corp., 250 N.C. 151, 159, 108 S.E.2d 461, 467 (1959) (reversing the trial court’s denial

of the defendant’s motion for nonsuit, holding that the defendant was not liable as a

matter of law). Based on Garner, I conclude that the Church was not liable with

 3
 DRAUGHON V. EVENING STAR HOLINESS CHURCH

 DILLON, J., dissenting

respect to Plaintiff’s stumble as he stepped from the fourth concrete step to the fifth.

The beginning of Plaintiff’s fall was clearly due entirely to Plaintiff’s own negligence,

which makes this present case distinguishable from Lamm v. Bissette Realty, Inc.,

327 N.C. 412, 395 S.E.2d 112 (1990), cited by the majority.

 I further conclude that Plaintiff was contributorily negligent, as a matter of

law, as he as he took his final, off-balanced step into the Church building itself.

Assuming, the Church may have been negligent as to this final step because of the

height differential, Plaintiff was also negligent for not taking due care in taking this

final step. Plaintiff’s own expert described the rise between the concrete steps as

being concrete, but that the rise between the last concrete step into the church

consisted of some concrete, then brick, and then a wooden threshold, a difference

which I believe was open and obvious. The picture of the steps in the record shows

obvious differences between the other step rises and the rise leading into the building,

such as the rise into the building consisting of some concrete, then mostly dark red

brick, and then a white threshold, whereas the other rises were uniformly gray

concrete. Further, Plaintiff had walked down these same steps just minutes prior to

the fall, surely noticing the height differential as he stepped from the Church building

to the top step. And the evidence shows that it was daytime when he fell. See Stoltz

v. Burton, 69 N.C. App. 231, 236, 316 S.E.2d 646, 649 (1984) (affirming summary

judgment for the defendant and citing Garner, stating that an injured plaintiff

 4
 DRAUGHON V. EVENING STAR HOLINESS CHURCH

 DILLON, J., dissenting

“behaved negligently by not exercising due care to protect herself” when walking

down a step of which she had an unobstructed view in broad daylight).

 5